[S. F. No. 2335.   Department One.—July 24, 1902.]

D. A. CURTIN, Respondent, v. J. W. INGLE, Appellant.

CONTRACT—RECEIPT TO THIRD PARTY—REFERENCE TO WAREHOUSE AGREE-
    MENT—AUTHORIZED STORAGE—AGENCY—EVIDENCE.—In an action
    upon a contract embodied in a receipt given to a third party, which
    refers to a warehouse agreement between the defendant and such
    third party, the defendant has the right to prove such warehouse
    agreement, and to have it considered as part of the same trans-
    action; and it is improper to exclude evidence of storage made in
    warehouses authorized by such third party, and to exclude corre-
    spondence and other evidence tending to show that the defendant
    was justified in treating such third party as the agent of the
    owners of the stored property.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Wal J. Tuska, for Appellant.

Cannon & Freeman, and W. B. Treadwell, for Respondent.

VAN DYKE, J.—The transaction out of which this action
arose is alleged to have taken place between Moore, Ferguson
& Co., assignors of the plaintiff, commission merchants and
dealers in grain, of San Francisco, and the defendant, who
was a resident and dealer of grain in Oregon. The claim is
founded upon a quantity of grain-bags sold and delivered to
the defendant during the year 1893, and not returned, amount-
ing to the sum of $886.97, and as for money had and received
$34.30, being a balance claimed on a transaction concerning
a shipment of oats by the defendant to said Moore, Ferguson
& Co. In addition to the general denials, the defendant
pleaded as a bar a judgment in his favor recovered in the cir-
cuit court of the state of Oregon for Benton County, upon the
same cause of action stated in the complaint herein, brought
by Moore, Ferguson & Co. against said defendant, before the
assignment to the plaintiff herein. But it appears, and the
court so finds, that an appeal had been duly taken from said

judgment before the commencement of this action, suspending further proceedings thereunder.

On the trial herein E. W. Ferguson, a member of the firm of Moore, Ferguson & Co., as a witness for the plaintiff, testified that he knew the defendant, Ingle; that he had corresponded with him and knew his handwriting. In connection with his testimony plaintiff introduced and read in evidence and relied upon the following:—

"OFFICE OF J. W. INGLE & CO.,
              "PHILOMATH, OREGON, Sept. 1, 1893.

"Received from W. F. Crosby 14,500 bags, at Philomath warehouse, for the purpose of shipping grain. Said bags are the property of Moore, Ferguson & Co., of San Francisco, and are to be shipped to them filled with grain, during the season of 1893-94, according to the terms of a certain warehouse agreement entered into with W. F. Crosby on July 28, 1893, all bags not shipped or unaccounted for at the expiration of this agreement, May 31, 1894, I hereby agree to pay for at the market price at time of delivery seven (7) cents each.

                              "J. W. INGLE."

John Cook, also a member of the firm of Moore, Ferguson & Co., as a witness on behalf of the plaintiff, testified in reference to the bags shipped by said firm, and the amount and value thereof, not returned to them by said defendant, and also testified in reference to the shipment of oats by defendant to said firm, and the balance due in the transaction as alleged in the complaint. On cross-examination the witness was asked whether he knew that Mr. Crosby had entered into an agreement with Mr. Ingle about grain-bags and oats and other things, which question, upon plaintiff's objection, the court refused to allow answered.

The defendant also offered in evidence the agreement referred to in the receipts relied upon by the plaintiff, entered into July 28, 1893, between the said W. F. Crosby, of Albany, Oregon, as the party of the first part, and the defendant, as party of the second part, wherein it is agreed: "The party of the first part agrees to furnish the party of the second part with bags and twine for receipts and shipment of all grain passing through said houses; and assist the party of the second part in paying for service of his employees, by making small

advances upon the salaries due them, said advances to be deducted from payments due said party of the second part, as hereinafter mentioned; the said party of the second part agrees to operate said warehouses at his own expense, receive, clean, store, sack, and ship grain to the order of the party of the first part, make purchases of farmers for said party of the first part at a cost to the party of the first part of two and a half cents per bushel; said payment to be made by the party of the first part to the party of the second part upon ship · ment of said grain, less amount of said advances to employees. The bags furnished by the party of the first part shall be accounted for by the party of the second part as the property of said party of the first part, and at the expiration of this agreement, on May 31, 1894, all bags not accounted for the party of the second part agrees to pay to the party of the first part the market price of said bags so unaccounted for, at the market price at the time of delivery.'' All evidence as to what the parties to said agreement did thereunder was excluded by the court. The court also, upon objection of the plaintiff, refused to allow defendant to introduce correspondence between Moore, Ferguson & Co. and himself, and between them and their agent, Crosby, concerning the transaction in question. In one of these letters, written by Moore, Ferguson & Co. to the defendant, under date of San Francisco, June 30, 1893, they say: ''Yours of the 28th inst. received and noted. Evidently you have misunderstood Mr. Crosby in reference to our engaging you to look after any warehouses for us, as we have no knowledge of any such arrangement, and are not running any warehouses. No doubt Mr. Crosby intended that you should understand that he is employing you on whatever terms he and you may have agreed upon. Mr. Crosby has for a number of years been· shipping grain to us, and we have been making him advances on shipments, and helped him otherwise in a financial way, and have made no change in this respect for the coming season. . . . We have not yet heard anything from Mr. Crosby in reference to his arrangement with you; when we hear from him we will know more about your arrangement with him.'' In Crosby's letter to Moore, Ferguson & Co., dated at Albany, Oregon, June 29, 1893, the following occurs: ''In talking to Mr. Ingle yester-

day he said he wrote to you about bags and sight drafts, warehouse receipts, etc., all of which is in error. He asked me on Monday of last week, when I first talked to him about it, if he was dealing with Moore, Ferguson & Co. or myself. I told him, with me. But that the grain would go to you, and I would probably get bags of you. If you send the bags, he wants 5,000 each at Philomath and Wrens, and wants them° by next steamer.'' A letter by Moore, Ferguson & Co. to Crosby, under date of San Francisco, July 1, 1893, acknowledges the receipt of the letter from Crosby of the 29th of June, just referred to, in which the following occurs: ''Will ship those to Ingle by next steamer; also the twine ordered. Your arrangements with him appear to be all right. We suggest, however, that you include in your arrangements that he is to be responsible for the number of bags that may be shipped to him until they are returned with grain, and, if not so returned or accounted for as being on hand, that he shall pay for them.'' It will be seen by reference to the warehouse agreement between Crosby and Ingle that the suggestion of Moore, Ferguson & Co., that Ingle should be responsible for the bags until their return with grain, was not incorporated in said agreement. The following letter from Moore, Ferguson & Co. to the defendant was also, upon plaintiff's objection, excluded by the court:—

    ''310 CALIFORNIA STREET, MOORE, FERGUSON & CO.,
      ''COMMISSION MERCHANTS.
     ''SAN FRANCISCO, August 17th, '93.

''MR. J. W. INGLE, PHILOMATH, OGN.—DEAR SIR:—

''Yours of the 15th inst. is received and noted, and in reply will say that you seem to have a mistaken idea in regard to the first shipments of bags that we made to you. They were not shipped by us at your request, but at Mr. Crosby's request, we shipped them altogether on Mr. Crosby's instructions, and not on any communication from you.

''You will remember that from the beginning we advised you that if you wished us to ship you any bags we wanted that you should make arrangements first as to price and payment of the bags,—not but that we would be pleased to do business with you direct, but we understand you and Mr. Crosby have agreed between yourselves to do business to-

gether, and we do not wish to interfere with your arrangements, so whatever agreement Mr. Crosby may have made, it is between yourselves, and if you wish Mr. Crosby to ship you some more bags, better communicate with him. We are surprised that you should again write us on this subject, as we have already fully advised you in reference to this matter.

"We have received your carload of gray oats by last steamer, but so far have been unable to dispose of them, but will dispose of them first favorable opportunity. The markets are very much depressed, oats are very slow of sale, and wheat is easier again to-day, No. 1 Shipping Wheat about $1.05.

"Yours truly,    MOORE, FERGUSON & Co."

The theory of the respondent, which seems to have been adopted by the court in the exclusion of the offered evidence on behalf of the defendant, is, that the receipt is a contract complete in itself between the defendant and Moore, Ferguson & Co., and did not require any explanation or reference to other writings concerning the transaction. His counsel says in his brief: "The real controversy is whether defendant was or was not bound to pay for the bags not delivered. His defense was, that he had stored the balance of the bags in certain warehouses in Oregon, belonging to third persons, and notified W. F. Crosby of that fact, and had received his approval; and he claims that Crosby was the agent of Moore, Ferguson & Co. He offered no proof of any such agency; but plaintiff's evidence was, that Crosby was never their general agent."

As appears from the foregoing, however, the defendant did offer, and the court ruled out, evidence tending to establish the agency of Crosby. Before giving the receipt relied upon by the plaintiff, the defendant wrote to Moore, Ferguson & Co. concerning the matter, and in their reply they say: "You seem to have a mistaken idea in regard to the first shipment of bags that we made to you. They were not shipped by us at your request, but at Mr. Crosby's request; we shipped them altogether on Mr. Crosby's instructions." And in Crosby's letter to said firm he informed them of the conversation he had had with Ingle in reference to the transaction, and asked them if they approved of the plan. In their letter to

Crosby, in reply thereto, they say: "Your arrangements with him appear to be all right," adding then the suggestion heretofore noted. The receipt also says, "according to the terms of a certain warehouse agreement entered into with W. F. Crosby on July 28, 1893." The defendant, therefore, had the right to have that agreement considered in connection with said receipt, as they form parts of the same transaction between Crosby and defendant.

Several contracts relating to the same matters, between the same parties, and made as parts of substantially the one transaction, are to be taken together. (Civ. Code, sec. 1642.) A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates. (Civ. Code, sec. 1647; also, Code Civ. Proc., secs. 1856 (subd. 2) and 1860.) The defendant, it appears, stored the balance of the unused bags received by him under the receipt or agreement made with Crosby, and relied upon by plaintiff, in warehouses in Oregon leased by Crosby, and was authorized so to do by Crosby.

In addition to excluding the correspondence and agreements already referred to, the court ruled out all testimony offered by the defendant in reference to directions to him or conversations with him by Crosby concerning the bag transaction. On the last effort of defendant in this line the court remarked: "That brings up the old question again of his authority. If he was the agent of Moore, Ferguson & Co., this testimony would be relevant, otherwise not,"—and excluded the testimony so offered. This was clearly error. The excluded evidence tended to show that the defendant was justified in treating Crosby as the agent of Moore, Ferguson & Co. in the premises, and in dealing with him as he did. (Civ. Code, secs. 2300, 2317, 2318, 2319.)

Judgment and order reversed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion on the 25th of August, 1902:—

BEATTY, C. J.—I dissent from the order denying a rehearing. The case presents a very simple question. Moore,

Ferguson & Co., the assignors of plaintiff, on September 1, 1893, delivered to the defendant at his warehouse in Oregon 14,500 bags. His written receipt of that date contains an express agreement to pay for all of these bags not returned or accounted for. A large number of bags were not returned or accounted for, unless their storage in Oregon under the directions of Crosby—the agent by whom they were delivered to defendant—was a sufficient *accounting* for them within the meaning of the contract.

The position of plaintiff was, that while Crosby was employed by Moore, Ferguson & Co. for the purpose of delivering the bags and taking the receipt and agreement of the defendant, he was not their agent for any other purpose, and especially that he was not their agent to receive or direct the disposition of the unused bags. Upon this question the most that can be said is, that there was some slight evidence to support the theory of an ostensible agency, but the finding of the court was to the contrary, and there is evidence to support the finding. The only ground, therefore, upon which the judgment and order appealed from can be assailed consists in the rulings of the court excluding evidence offered to prove agency. I discover no error in these rulings. From the wording of the department opinion, it would be supposed that the contract of July 28th, referred to in the contract of September 1st, was excluded from consideration by the court. But such is not the fact. It was excluded, and properly excluded, when offered in connection with the cross-examination of one of plaintiff's witnesses, but when the defendant offered it as a part of his case it was admitted, and it contained a clause not quoted in the department opinion, relating to the shipment of grain, which was the particular matter referred to, and by reference incorporated in the contract of September 1st. The two contracts, construed together, plainly meant that the unused portion of the bags delivered September 1st were to be returned to Moore, Ferguson & Co., and nothing in their terms implied or warranted the inference that the manner of returning them or accounting for them was committed to the agency of Crosby. The letters quoted and referred to in the opinion of the court show on their face, by their dates and their terms, that they refer exclusively to earlier transactions in which Moore, Ferguson & Co. furnished

other bags to Crosby, which were charged to him, though a portion of them were upon his order shipped directly to defendant. . Other portions of the record make this still more plain. Crosby was furnishing defendant bags under their contract of July 28th. He purchased the bags of Moore, Ferguson & Co., and had them shipped directly to defendant. The excluded correspondence related to that transaction, and so far from containing evidence of Crosby's agency, is a distinct and unequivocal repudiation of any agency. In the subsequent transaction of September 1st, Moore, Ferguson & Co. did furnish bags directly to defendant upon the terms specified in the receipt and agreement of that date, and in that transaction they were represented by Crosby for the sole purpose, so far as the evidence shows, of delivering the bags and taking the written receipt and agreement of the defendant, showing the conditions upon which they were delivered and the price to be paid for the portion unused or unaccounted for.

It is in the concluding paragraph of the opinion that the reasons for reversal are summed up. I find myself utterly unable to agree with what is there said in any particular. The agreement was not excluded. The correspondence related to an earlier and distinct transaction, in which, as appears from the correspondence itself and all the other evidence, there was no dealing between Moore, Ferguson & Co. and defendant, and no pretense of agency on the part of Crosby. And, finally, I do not understand it to be the law that an ostensible agency can be established by the declarations of the supposed agent, made out of the presence and without the knowledge of the supposed principal.