[Civ. No. 661. First Appellate District.—September 17, 1909.]

D. A. CURTIN, Appellant, v. J. W. INGLE, Respondent.

ACTION FOR VALUE OF UNUSED BAGS—AUTHORIZED ACCOUNTING TO THIRD PERSON—LAW OF CASE—PROPER FINDING AND JUDGMENT.— In an action for the value of unused bags not returned to plaintiff's assignor, where the evidence, without conflict, is the same as upon the last appeal, upon which it was determined that defendant was authorized, and in duty required to account for the same to a third party, and that such third party accepted the same and offered them for sale, the trial court could not do otherwise, under the law of the case, than to find for the defendant, and enter judgment accordingly, upon that cause of action.

ID.—COUNT FOR MONEY HAD AND RECEIVED—FINDING AGAINST EVIDENCE—REVERSAL.—In a count for money had and received, where the evidence for the plaintiff is without conflict showing the balance due to plaintiff's assignor for money advanced upon a shipment of oats by the defendant in excess of the net proceeds thereof, the finding and judgment for defendant on that count must be reversed and the action retried thereon.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Cannon & Freeman, W. M. Cannon, and E. F. Treadwell, for Appellant.

Wal J. Tuska, for Respondent.

HALL, J.—Appeals from judgment in favor of defendant and order denying plaintiff's motion for a new trial.

Plaintiff sought to recover for eleven thousand five hundred and nineteen grain bags, being a portion of fourteen thousand five hundred alleged to have been delivered by Moore, Ferguson & Co., the assignors of plaintiff, to defendant, to be filled with grain and shipped to Moore, Ferguson & Co., or accounted for, and if not accounted for to be paid for at seven cents each. It is alleged that eleven thousand five hundred and nineteen of the fourteen thousand five hundred bags were never accounted for.

In a separate count plaintiff also sought to recover $34.50 for money had and received by defendant to the use of said Moore, Ferguson & Co.

The court found that defendant had duly accounted for all of said fourteen thousand five hundred bags, and also that defendant did not have or receive to the use of Moore, Ferguson & Co. the sum of $34.50 or any other sum of money.

Appellant in his brief attacks these findings as not supported by the evidence.

The case has been before the supreme court upon two former appeals.

Upon the first appeal judgment in favor of plaintiff and the order denying defendant a new trial were reversed for error in excluding material evidence offered for defendant (*Curtin* v. *Ingle,* 137 Cal. 95, [69 Pac. 836, 1013]).

Upon the second appeal the court had before it substantially the same evidence concerning the principal cause of action as in the record before us. The plaintiff then relied upon the very same writings as constituting the contract with defendant as are relied upon now. The court held that under the contract upon which the bags were delivered to defendant he was not required to account directly to Moore, Ferguson & Co., but could account to one Crosby, and that the evidence showed without conflict that he did account to Crosby for the bags (*Curtin* v. *Ingle,* 143 Cal. 354, [77 Pac. 74]). The court there said: "There is no evidence in the record tending to show that it was ever agreed that any of these bags should be returned empty by defendant to plaintiffs at San Francisco. The contract left it optional with defendant to use and pay

for any of these bags that he did not ship filled with grain to the plaintiffs at San Francisco; or to account for any and all of the unused bags. The evidence shows without conflict that the defendant did account to Crosby for the bags, and it appears from the undisputed evidence that the defendant was warranted in reaching the conclusion that such was his duty. He had been told in two letters from plaintiffs that he was dealing in reference to these same bags with Crosby, and not with plaintiffs, and also that he must continue to deal with Crosby.''

The evidence in the record before us shows without conflict that defendant did account to Crosby for all unreturned bags, and that Crosby accepted the bags and subsequently offered them for sale. Upon this evidence the trial court could not do otherwise under the decision upon the last appeal than to find for defendant and render judgment accordingly.

As to the action for the $34.50 for money had and received, it appears that Moore, Ferguson & Co. advanced to defendant through Crosby, upon a shipment of oats that defendant made to said firm. Moore, Ferguson & Co., under defendant's letter of instructions, sold the oats for Ingle's account, and credited him with the net proceeds thereof, against the advance of $246, and promptly rendered to Ingle a correct account of sale, showing a balance of $34.50 to his debit.

Respondent, concerning this matter, contents himself with saying, ''The judge of the superior court hearing the evidence found against the plaintiff's contention as to the $34.50, and there being a conflict of evidence his decision is final,'' but fails to point to any evidence in the record in conflict with that above adverted to by us. We have diligently searched for any such and have failed to find it. Though defendant gave testimony he does not in any way refer to the transaction about the oats. Upon the former appeal it was held that the evidence sustained the finding in favor of plaintiffs as to the $34.50, and it appears to us that such evidence in the record before us is without conflict. A new trial should be had as to the issues under the count seeking to recover $34.50 for money had and received, but as the findings upon the issues presented under the other counts are fully supported by the evidence, no retrial is necessary as to such issues.

The judgment is reversed and the cause remanded, with directions to the court to retry the issues of fact arising under the last count in the complaint and to make findings thereon, and thereupon to enter such judgment as shall be warranted by the findings so made and the findings heretofore made upon the issues arising under the other counts of the complaint.

Cooper, P. J., and Kerrigan, J., concurred.

·A petition for a rehearing of this cause was denied by the district court of appeal on October 15, 1909, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 15, 1909.