BENJAMIN ROSENTHAL ET AL. V. CHARLES OGDEN ET AL.

FILED JANUARY 7, 1897. No. 6858.

1. **Contracts: Construction: Questions of Fact.** If a written contract is to be construed with reference to its terms alone, it is the duty of the court to interpret it; but if the construction or application must depend upon other and extrinsic facts, the contract, in

connection with these questions of fact, should be submitted to the jury, under proper instructions.

2. Trial: EXCEPTIONS: WAIVER. An exception, well taken, to the exclusion of evidence is not waived by a failure to present the same ground of objection by an exception to an instruction given or refused.

ERROR from the district court of Douglas county. Tried below before AMBROSE, J. *Reversed.*

*Schomp & Corson* and *G. M. Lambertson,* for plaintiffs in error.

References: *Barnes v. Newcomb,* 89 N. Y., 115; *Attaway v. Third Nat. Bank,* 10 West. Rep. [Mo.], 412; *Atlee v. Fink,* 75 Mo., 100; *Bent v. Priest,* 86 Mo., 476, 1 West. Rep., 749; *Bliss v. Matteson,* 45 N. Y., 22; *Tobey v. Robinson,* 99 Ill., 223; *Harrington v. Victoria Dock Co.,* 47 L. J., n. s. [Eng.], 594; *Bowman v. Phillips,* 3 L. R. A. [Kan.], 631; *Tyler v. Larimore,* 2 West. Rep. [Mo.], 177; *Suits v. Taylor,* 2 West. Rep. [Mo.], 579; *Gray v. Hook,* 4 Comst. [N. Y.], 449; *Gregg v. Wyman,* 58 Mass., 322; *Herrick v. Catley,* 1 Daily [N. Y.], 512; *Sherwood v. Saratoga & W. R. Co.,* 15 Barb. [N. Y.], 650; *Valentine v. Stewart,* 15 Cal., 387; *Gooch v. Peebles,* 11 S. E. Rep. [N. Car.], 421; *Weidckind v. Tuolumne Water Co.,* 5 Am. St. Rep. [Cal.], 445; *In re Cowdery,* 58 Am. Rep. [Cal.], 550; *Spinrad v. Finelite,* 26 N. Y. Supp., 761; *Daniel v. Wilber,* 60 Ill., 526; *Nicholson v. Pelanne,* 14 La. Ann., 514.

*Cowin & McHugh* and *Ogden & West, contra.*

RYAN, C.

In the district court of Douglas county there was in this case a verdict and judgment in the sum of $2,123.67 in favor of the plaintiffs in that court. By error proceedings in this court the defendants seek a reversal of this judgment. In describing the history of this case and discussing the principles involved we shall retain the designation of the parties as above given.

Plaintiffs, Charles Ogden and Joel W. West, in their amended petition in the district court, alleged that, as partners, they were engaged in business as attorneys and counselors at law in Omaha; that about September 12, 1892, the defendants employed plaintiffs as their attorneys in a matter in controversy between said defendants and one Samuel Rosenthal; that from said date of employment until December 1, 1892, the said defendants, and each of them, consulted with plaintiffs with reference to said controversy; that on September 28, 1892, Samuel Rosenthal applied to one of the judges of the United States circuit court of appeals for an order of injunction and an application for a receiver against the People's Mammoth Installment House, in which suit the defendants herein were joined as defendants; that at the special instance and request of said defendants, plaintiffs performed all the professional services in and on behalf of said suit as attorneys for the said Benjamin and Maurice Rosenthal, at Omaha, between June 1 and December 1, 1892, to-wit, on or about the —— day of June, —— day of July, —— day of August, 14th, 26th, and 30th days of September, 5th, 6th, 7th, 8th, 9th, 10th, 11th, 12th, and 19th days of October, and the —— day of November, 1892. It was alleged by plaintiffs that the professional services rendered by them were well worth the sum of $2,500, and that no part thereof had been paid, but that the full amount of $2,500 was still due. There was a prayer for judgment in the above sum. The defendants, in their answer, alleged that the People's Mammoth Installment Company, referred to in the petition, was a corporation in which Samuel Rosenthal and the defendants were the sole stockholders; that Benjamin Rosenthal was its president and that Maurice Rosenthal was an agent of said corporation; that about May 2, 1892, Charles Ogden, one of the plaintiffs, and the People's Mammoth Installment Company entered into a written agreement, of which the following is a copy:

"This agreement, entered into by and between Charles

Ogden of the first part and the People's Mammoth Installment Company of the second part, witnesseth: That for and in consideration of the sum of $300, to be paid by the said second parties, or either of them, to the said first party, the said first party agrees to do all the law business as attorney and counselor at law for the said second parties for a period commencing on the first of May, A. D. 1892, and terminating on the first day of May, 1893. It is agreed that said amount shall be paid in equal installments of seventy-five dollars ($75.00) every three months included in said period, and that this contract is considered to be one of entirety, and that in consideration of said first party doing all of said legal work for said second parties at such reduced rate, that the whole of said sum shall be considered earned during any period of said agreement should said parties of the second part fail to perform any of the covenants by them to be performed herein, or should they, or either of them, desire to abrogate this contract. In witness whereof, we have hereunto set our hands this second day of May, A. D. 1892.

"CHARLES OGDEN."

It was alleged in the answer that the existence of the above contract was known to Mr. West, of the firm of Ogden & West, during the time set forth in the petition, and that said corporation and the defendant, as its president and agent, and either of them, during said time, did not employ said firm of Ogden & West to transact any law business for them, or any one of them. Following the above described averments in the answer was this language: "These defendants further show that the legal services and consultations set forth in said petition, and sued on therein as the services of Ogden & West, were rendered in and about a suit wherein Samuel Rosenthal was named as plaintiff and the People's Mammoth Installment Company, together with these defendants, were named as defendants, and were such legal services as said Ogden was bound to render and perform under and by virtue of such contract of service, and not such

as these defendants, or either of them in their individual capacities, promised to pay or become liable for. And these defendants further show that if said West, or said alleged firm of Ogden & West, performed any service in and about said suit as set forth in said petition herein, he and said alleged firm did so at the request and instance of said Ogden, and for said Ogden, and because of his, said Ogden's, obligation to perform the same under his said contract of service as aforesaid, and not at the instance and request of these defendants, or either of them." There was a reply in denial of each allegation of new matter in the answer. In support of the above matters pleaded in the answer the defendants offered in evidence the above described written contract, to which an objection was interposed because of the contract as evidence being incompetent, irrelevant, and immaterial. Thereupon counsel for plaintiffs stated that they made no claim for services against the defendants in this case under said written contract with respect to the matters involved in the bill of complaint in the United States court and services with reference thereto, whereupon the contract was excluded and the defendants excepted. In regard to this ruling we find in the brief of counsel for the parties in whose favor it was made the following suggestion, by way of argument: "The construction of the legal effect of a contract belongs to a court, and the admission of the same in a case like this would have tended to mislead the jury and confuse them as to the relative rights of the parties to the controversy. It would have been impossible for the jury to draw the distinction between the personal rights of stockholders in a trading corporation and those in a corporation *per se.* Further, the instruction of the court which embodied the law of the case, and which superseded the ruling of the court in withholding the contract from the jury, was not excepted to. Every instruction was read to the jury with full approval of counsel for plaintiffs in error. It will be observed, however, that when the defendants of-

fered the contract in evidence, counsel for the plaintiffs
expressly stated that no claim, of whatsoever nature, was
made by reason of the existence of said contract—the
whole claim of plaintiff being based upon the question
as to whether a new and independent agreement had
been made by defendants to represent them in their suit
and controversy against their brother Samuel." This
argument involves three propositions, which shall now
receive consideration.

It is argued that as there were involved the personal
rights of stockholders, and the rights of the corporation
as such, it would have been impossible for the jury to
draw the proper distinction, therefore (proposition 1) the
construction of the legal effect of the contract belonged
to the court. In *Coquillard v. Hovey*, 23 Neb., 622, it was
said: "As we understand the rule for the construction
of contracts, it is that if a contract is to be construed by
reference to its terms alone, and without calling in the
aid of extrinsic facts and circumstances, it is the duty of
the court to interpret it. But if the construction must
depend upon proof of other and extrinsic facts, then those
questions of fact should be submitted to the jury, under
proper instructions from the court. (*Begg v. Forbes*, 30
Eng. Law & Eq., 508; *Etting v. United States Bank*, 11
Wheat. [U. S.], 74; *First Nat. Bank of Springfield, Illinois,
v. Dana*, 79 N. Y., 108; *Edelman v. Yeasel*, 27 Pa. St., 26."
The province of the court with reference to the construc-
tion of contracts is sufficiently indicated by the above
language, and the principle involved was recognized in
*Rosewater v. Hoffman*, 24 Neb., 222, and again invoked in
*Simms v. Summers*, 39 Neb., 781. The theory of plaintiffs
was that they were specially employed by the Rosenthals
independently of the above written contract, and solely
under that employment they were entitled to compensa-
tion. The defense was that there was no such special
employment, but that the services were rendered for the
company pursuant to the provisions of said written con-
tract, and that whatever was done for the Rosenthals

was merely incidental to the main controversy with their principal. It was proper to permit plaintiffs to introduce proofs conformably to the averments of their petition, but upon this being done, there was no good reason for shutting out all evidence in support of a defense specially pleaded.

In the presentation of proofs by defendants it was necessary to introduce the written contract, for it was the best evidence that one of the plaintiffs had been employed by the People's Mammoth Installment Company to render services of the same character as these for which compensation was claimed, during the period within which they were rendered and for a stipulated compensation much less than that sued for. The fact that this evidence might require to be supplemented with testimony that there was no other or further employment rendered it none the less competent. Without the written contract, the testimony that there was no employment other than was provided in said written contract would have fallen far short of establishing the defense pleaded. It was, therefore, not a question of the interpretation of this written agreement by reference to its own terms alone, without calling in the aid of extrinsic facts and circumstances, but the construction and application were dependent upon proof of other and extrinsic facts, therefore the written contract should have been submitted to the jury, in connection with other competent evidence, under the instructions of the court.

Counsel for Ogden & West seek to avoid the force of this reasoning by observing that at any rate there was no exception to the instruction given which embodied the law of the case. The exclusion of the written contract left the defense so necessarily incomplete that exceptions to instructions given or to the refusal to instruct could not supply the deficiency. The failure to take an exception to the giving or refusal of an instruction, therefore, in no way operated to waive the exception already well taken as to the ruling in exclusion of the written con-

tract. It is urged in support of the ruling just mentioned that when the defendants offered the contract in evidence, counsel for plaintiffs expressly stated that no claim, of whatsoever nature, was made by reason of the existence of said contract, and that plaintiffs' claim was based upon a new and independent agreement with the Rosenthals. This statement in no degree modified the already existing issues, for from the first the plaintiffs had disclaimed a right of recovery under this written agreement, and had relied upon a special employment by Benjamin and Maurice Rosenthal as individuals. This written contract was offered as a part of their defense to this claim, and no waiver by plaintiffs could impair its competency or relevancy as such.

For the error pointed out the judgment of the district court is reversed and this cause is remanded for further proceedings, not inconsistent with the views herein expressed.

REVERSED AND REMANDED.