[Civ. No. 432.   Second Appellate District.—March 23, 1908.]

## J. F. CONNELL, Appellant, v. HARRON, RICKARD & McCONE, a Corporation, Respondent.

ACTION FOR BREACH OF CONTRACT—FAILURE TO DELIVER AGREED MACHINE—DAMAGES—EVIDENCE—PRICE OF EQUIVALENT MACHINE NOT SHOWN.—In an action for breach of contract to sell and deliver a particular machine contracted for, where one of much less capacity was delivered, and there is no sufficient evidence to show the price at which an equivalent machine of the same style and pattern as that purchased could have been bought in the market nearest to that where it should have been placed in the purchaser's possession, the measure of damages provided for in section 3354 of the Civil Code cannot be allowed. The price at which other machines of different patterns and specifications could be purchased in the nearest market, though similar in character and equally good, cannot be deemed the equivalent of the machine purchased.

ID.—PART PAYMENT OF PRICE—SPECIAL DAMAGE NOT SHOWN—AMOUNT OF RECOVERY.—Where the evidence does not justify the measure of damages prescribed in section 3354 of the Civil Code, and no special damages are alleged or shown, and only a small payment was made upon the purchase money in the sum of $25, besides $35 paid on account of freight on the machine wrongfully delivered, the recovery was properly limited under section 3308 of the Civil Code to the amount paid on the purchase price and the said sum of $35 so paid on freight.

ID.—SMALL ADDITIONAL SUM NOT ALLOWED—RULE DE MINIMIS.—The fact that a small additional sum paid might have been recovered will not be ground for reversal where the rule, "De minimis non curat lex," is applicable.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Earle & Creede, for Appellant.

Charles T. Howland, for Respondent.

SHAW, J.—Action for damages for breach of contract. At an agreed price of $655, defendant sold and agreed to

furnish to plaintiff, f. o. b. Los Angeles, California, a piece of machinery, known and designated as a lathe of Lodge & Shipley pattern, supplied with a Bullock motor; all of which machinery should be constructed in accordance with and conform to certain specifications designated in the contract. At the time of making the contract of purchase, plaintiff paid to defendant $25 upon the purchase price thereof. The contract contemplated that the lathe and machinery should be manufactured in Ohio and shipped to Los Angeles, and as a part of the contract plaintiff guaranteed the freight rate should not exceed $1.25 per hundred, which was the rate for transportation of like machinery in carload lots. The contract called for a lathe eighteen feet in length, but the lathe shipped, owing to an error of defendant's, was only eight feet in length. The lathe was shipped from Ohio to a point in New York, where it was loaded with a car of goods of plaintiff's and shipped through to Los Angeles at a rate of $1.25 per hundredweight, whereas if it had been shipped alone the transportation charges would have been $4.50 per hundred on two thousand eight hundred pounds. The cost of shipping from Ohio to New York, where plaintiff's car was being loaded, was $7.85, and this sum, as well as the $1.25 per hundred on two thousand eight hundred pounds, was paid by plaintiff; but as the lathe shipped was not the one ordered by plaintiff, he, by separate cause of action, claims a freight charge of $4.50 per hundred thereon, basing such claim upon the fact that had defendant shipped the lathe separately, rather than in a carload lot, it would have cost defendant such sum, and that he (plaintiff) did not guarantee the $1.25 freight rate upon this lathe.

1. As to the amount of $150.42, which plaintiff claimed to have paid on account of transportation charges, the court found that he was entitled to $35 and no more. This finding is attacked as being unsupported by the evidence. According to appellant's contention, the charge of $150.42 consists of $7.85, freight from Ohio to New York, which he paid, and $126, freight from New York to Los Angeles, $35 only of which he paid, and $16.55 for cartage, none of which he paid. As plaintiff only paid $35 for transportation of the lathe from New York to Los Angeles, it is difficult to conceive of any theory upon which he could be entitled to any amount in excess of said sum.

Under the circumstances of this case, there is no merit in the contention of appellant that he is entitled to a charge based upon *quantum meruit*. For transportation from New York to Los Angeles he paid $35, and he is entitled to nothing more than reimbursement for such expenditure.

As to the item of $16.55 on account of cartage charges, we have been unable to find any evidence in the record bearing in the remotest degree upon the subject. Plaintiff paid out the sum of $7.85, freight charges from Cincinnati to North Tonawanda, New York, where the machine was loaded upon a car with other freight consigned to plaintiff at Los Angeles. The evidence shows that plaintiff paid this sum solely for defendant's benefit, and while he was entitled to be reimbursed for the outlay, we are nevertheless of the opinion that the case justifies the application of the doctrine of *de minimis non curat lex*. (Civ. Code, sec. 3533.)

2. The court found that defendant neglected and failed to carry out the terms of the contract, in that it failed to deliver the lathe described in the contract, and that by reason of such breach plaintiff was damaged in the sum of $25, and no more. For the purpose of ascertaining the amount of damages sustained, plaintiff introduced evidence which he claims tended to prove the price at which he might have bought an equivalent thing in the market nearest to the place where the property ought to have been put into his possession, as provided by section 3354 of the Civil Code. Unless the evidence fixes the damages in accordance with this rule, then the amount of damages must be ascertained in accordance with the rule prescribed in section 3308 of the Civil Code, under which plaintiff would be entitled to "the excess, if any, of the value of the property to the buyer over the amount which would have been due to the seller under the contract if it had been fulfilled." Applying this latter rule, there is no evidence which would entitle plaintiff to damages other than the $25 paid on account of the purchase price of the machine, as to which the court found in his favor.

The lathe called for by the contract was described as being "a Lodge & Shipley make and pattern, to be and have a 16-inch swing and to be 18 feet long, also to be what is known and designated as the 'tool-room lathe,' with cabinet legs, 18 feet in length as aforesaid, supplied with what is known and designated as 'the Bullock motor,' connected directly to

the spindle of said lathe; said motor to be built for 110 volts direct current. Also to be supplied with compound rests, taper attachments, two modern and latest pattern chucks, and also to be fitted with all proper attachments, so that said lathe may be run and operated at varying speeds and with reverse attachment.'' While plaintiff offered no evidence tending to prove the price at which he could have bought a lathe constructed in accordance with these specifications in the market nearest Los Angeles, where under the contract it should have been placed in his possession, he did offer evidence tending to prove the price at which he could have bought lathes similar in character and ''just as good,'' the price thereof varying from $1,000 to $1,100, f. o. b. Los Angeles. None of the witnesses, however, pretended to give the price at which a lathe of this particular pattern and make, and constructed in accordance with the specifications called for in the contract, could be bought at any place. The evidence touching lathes of other pattern and specifications, even though similar in character and equally good, cannot be held to be the equivalent of this particular piece of machinery. The rule is usually applied to marketable commodities where the different grades of such articles are well recognized in the commercial world. (*Bullard* v. *Stone*, 67 Cal. 477, [8 Pac. 17].) In *Bateman Brothers* v. *Mapel and American Surety Co.*, 145 Cal. 241, [78 Pac. 734], suit grew out of a failure to deliver terra cotta and ornamental pressed brick of a certain pattern, and the measure of damage was held to be the cost of buying terra cotta and ornamental pressed brick of the specified quality and pattern. So, in the case at bar the equivalent of this lathe would be a duplicate thereof constructed of material of like quality. The evidence offered failed to bring the case within the rule prescribed by section 3354 for ascertaining the amount of damages. This being true, it follows that in ascertaining the amount of damages sustained by reason of the breach of the contract recourse must be had to the rule prescribed by section 3308 of the Civil Code, under which the court was justified by the evidence in fixing the damages in the sum of $25, there being no evidence of any special damages.

3. Appellant contends that he was misled by the rulings of the court in admitting testimony, and insists that the order denying his motion for a new trial should be reversed on the

ground of surprise. Upon the trial a witness for plaintiff stated (with reference to eighteen-foot lathes): "I could tell you what the lathes would be worth to-day of that particular size"; and to the question, "You may do so, then," an objection was interposed upon the ground that it was "incompetent, irrelevant and immaterial, if the witness refers to the American Tool Company lathe and not the Lodge & Shipley lathe." "The Court: The measure of damages is the price at which an equivalent could be purchased in the market. I am not holding that that means necessarily the same thing. Objection overruled." The witness then answered: "About $760 for a lathe 16-inch swing and 18-ft. bed, without a motor. The motor would cost extra." The question at issue was the price of an equivalent article. The size of the machine was an important factor in determining that question. Evidence of the price of an eighteen-foot lathe, followed by evidence that this lathe complied in other respects with the lathe described in the contract, would have tended to prove an equivalent article. Standing alone, however, it wholly failed of its purpose. Admitting this testimony with the statement that an equivalent article was not necessarily the same thing cannot be construed into a meaning that would justify appellant in believing that the court regarded the evidence as other than one link in the chain of proof. Standing alone, it did not even tend in the remotest degree to prove an equivalent article.

The facts of this case do not bring it within the rule laid down in the authorities cited by appellant.

The judgment and order appealed from are affirmed.

Allen, P. J., and Taggart, J., concurred.