[Civ. No. 1750.    First Appellate District.—January 4, 1916.]

## EDWIN F. TORREY, Jr., et al., Appellants, v. CON SHEA et al., Respondents.

SALE—BREACH OF CONTRACT TO DELIVER HOPS—CONTEMPORANEOUSLY EXECUTED INSTRUMENTS—SINGLE TRANSACTION—PAROL EVIDENCE.— In an action to recover damages for the refusal to make delivery of a designated quantity of hops produced and picked during the season of 1911 upon the ranch of the defendants, as alleged to have been required of such defendants by the terms of a written contract, the defendants are entitled to show by parol evidence, without violating the rule prohibiting the admission of oral evidence to alter, vary, or contradict the terms of a written instrument, the contemporaneous execution of two other instruments calling for similar deliveries in the years 1909 and 1910, and that such instruments with the instrument in suit, by the terms of a collateral contemporaneous oral agreement, constituted but one single and indivisible contract covering a single transaction, but which for the convenience of the parties was expressed in three separate instruments, and which were executed by the parties thereto at the same time upon the consideration and with the understanding and agreement that the three instruments would constitute but a single contract for the purchase and sale of the same quantity of crops per year for three successive years from the crops produced upon the ranch of the defendants; and that therefore the failure of the plaintiffs to accept the full quantity for 1910 justified the refusal to make delivery from the crop of 1911.

ID.—SEVERAL CONTRACTS — SINGLE TRANSACTION — PAROL EVIDENCE.— While ordinarily the identity of the parties to several instruments will be disclosed by reference to the instruments themselves, the question as to whether or not such instruments were contemporaneously executed and intended by the parties thereto to cover a single transaction oftentimes cannot be ascertained from an inspection of the instruments themselves, and consequently, if the intention be either not expressed or doubtfully expressed, resort may be had to extrinsic evidence which will show the circumstances under which the several instruments were made, for the purpose of ascertaining the intention of the parties concerning the scope and effect of the several instruments.

ID.—DEFENSE TO ACTION—RESCISSION—REFORMATION NOT ESSENTIAL.— In such an action the defendants are entitled as a matter of law to defend against the action upon the theory that the three instruments constituted but a single contract, and that a breach of one constituted a failure of consideration which entitled them to rescind the whole, and are not obliged to resort to the remedy given by section 3399 of the Civil Code for the reformation of the contract which through fraud or mistake failed to express the intention of the parties.

APPEAL from a judgment of the Superior Court of Sonoma County. H. C. Gesford, Judge presiding.

The facts are stated in the opinion of the court.

J. R. Leppo, for Appellants.

T. J. Geary, and T. J. Butts, for Respondents.

LENNON, P. J.—In this action the plaintiffs sought to recover damages for the alleged breach of a written contract entered into by them with the defendants, whereby the latter agreed to deliver to the plaintiffs, at the city of Santa Rosa, not later than October 15, 1911, forty thousand pounds of hops at eleven cents per pound, of a specified quality, from the hops produced and picked during the season of 1911 upon the ranch of the defendants Shea Brothers in Sonoma County. Judgment was entered for the defendants upon the verdict of a jury, from which the plaintiffs have appealed.

The plaintiffs' complaint alleged that they had duly performed all the terms of the contract on their part to be performed, and that during the season of 1911 the Shea Brothers ranch produced forty thousand pounds and more of hops of

the kind and quality specified in the contract, but that the defendants refused to make any delivery of hops in keeping with the terms of the contract, and sold the season's crop to other parties. The defendants, answering separately, admitted the due execution of the instrument sued upon, but pleaded the contemporaneous making of two other written instruments by the same parties, one of which called for the delivery to plaintiff by the defendants of forty thousand pounds of hops at ten cents per pound from the Shea Brothers ranch during the season of 1909, and the other for the delivery to the plaintiffs by the defendants of forty thousand pounds of hops at eleven cents per pound from the crop grown upon the same ranch during the season of 1910. The answers of the defendants further alleged that these two instruments with the instrument in suit, by the terms of a collateral contemporaneous oral agreement, constituted but one single and indivisible contract covering a single transaction, but which for the convenience of the parties was expressed in three separate instruments, and which were executed by the parties thereto at the same time upon the consideration and with the understanding and agreement that the three instruments would constitute but a single contract for the purchase and sale of forty thousand pounds of hops per year for three successive years from the crops produced upon the hop ranch of said Shea Brothers. The answers of the defendants further alleged that pursuant to the terms of the contract there was delivered to the plaintiffs forty thousand pounds of hops in the year 1909, and that in the year 1910 the defendants delivered to the plaintiffs one hundred bales of hops, aggregating twenty-six thousand pounds, of that year's crop, and thereafter tendered and offered to deliver to plaintiffs fourteen thousand pounds of hops, the balance of the forty thousand pounds deliverable in that year; that the plaintiffs refused to accept the same, and that thereupon the defendants notified the plaintiffs that because of their failure to accept the hops tendered the contract was rescinded and terminated, and that no hops grown upon the ranch of Shea Brothers during the year 1911 would be delivered to plaintiffs under the terms of the contract. The answers of the defendants also alleged that the plaintiffs consented to the termination of the contract, and thereupon settled with the defendants by paying for the hops delivered up to that time.

Under the issues thus raised the trial court ruled—and we think correctly—that the defendants were entitled to show by parol evidence that the three instruments were intended and executed by the parties thereto to cover but one transaction; and that the controlling consideration for the execution of the particular writing in suit, contracting for the delivery of hops during the year 1911, was the contemporaneous execution of the two other instruments calling for similar deliveries in the years 1909 and 1910.

"Several contracts relating to the same matter between the same parties, and made as parts of substantially one transaction, are to be taken together." (Civ. Code, sec. 1642.) Ordinarily, as in the present case, the identity of the parties to several instruments will be disclosed by a reference to the instruments themselves; but the question as to whether or not several instruments between the same parties were contemporaneously executed and intended by the parties thereto to cover a single transaction, oftentimes cannot be ascertained from an inspection of the instruments themselves; and consequently, if the intention of the parties be either not expressed or doubtfully expressed, resort may be had to extrinsic evidence which will show the circumstances under which the several instruments were made, for the purpose of ascertaining the intention of the parties concerning the scope and effect of the several instruments. (*Johnson* v. *Levy,* 3 Cal. App. 591, [86 Pac. 810]; *Curtin* v. *Ingle,* 137 Cal. 95, [69 Pac. 836, 1013].)

The general rule that parol evidence is not admissible to alter, vary, or contradict the terms of a written instrument (Civ. Code, sec. 1698) has, we think, no application to the question presented here. The defendants did not seek nor were they permitted to contradict by parol proof the covenants of the particular instrument in suit. They sought and were permitted to show in evidence a contemporaneous, collateral oral agreement of the parties to the several instruments, to the effect that the subject matter of each instrument should be but a unit in a series of sales which as a whole were to constitute the subject matter of a single transaction, and that the paramount consideration, undisclosed in the instruments themselves, which induced the execution of each instrument was the contemporaneous execution of all three instruments which, when executed, were to constitute a single

contract for the purchase and sale of forty thousand pounds
of hops per year during the period of three designated years.
The instrument in suit being silent upon the subject of the
interdependence of the three writings, and failing to disclose
the true consideration, or any consideration save that implied
from the mutual covenants of the parties, which induced its
execution, obviously the proof proffered and admitted in
nowise contravened its express terms; and such evidence was
therefore well within the exception to the general rule which
permits proof of the execution and existence of an oral agree-
ment collateral to and executed contemporaneously with a
written instrument, covering and controlling a material mat-
ter agreed to by the parties, distinct from but closely related
to the express subject matter of the written instrument and
not embodied therein. (1 Elliott on Evidence, secs. 582–585;
Stephens on Evidence, art. 90; 3 Jones on Evidence, sec. 439;
*Howard* v. *Stratton,* 64 Cal. 487, [2 Pac. 263] ; *Moffatt* v. *Bul-*
*son,* 96 Cal. 106, [31 Am. St. Rep. 192, 30 Pac. 1022] ; *Wolters*
v. *King,* 119 Cal. 172, [51 Pac. 35] ; *Sivers* v. *Sivers,* 97 Cal.
518, [32 Pac. 571] ; *Guidery* v. *Green,* 95 Cal. 630, [30 Pac.
786] ; *Bonney* v. *Morrill,* 57 Me. 369; *Michels* v. *Olmstead,* 14
Fed. 219, [4 McCrary, 549] ; *Oregonian Ry. Co.* v. *Wright,* 10
Or. 162; *Sutton* v. *Griebel,* 118 Iowa, 78, [91 N. W. 825].)
Of course this exception to the general rule can be invoked and
applied to a written instrument which *prima facie* purports
to embody the complete legal obligations of the parties, only
where the established circumstances surrounding and attend-
ing its execution warrant the inference that the parties did
not intend that it should be a complete and final statement of
the whole transaction before them. (*Seitz* v. *Brewers,* 141
U. S. 510, [35 L. Ed. 837, 12 Sup. Ct. Rep. 46] ; 3 Jones on
Evidence, sec. 439; Stephens on Evidence, art. 90; *Sivers* v.
*Sivers,* 97 Cal. 518, [32 Pac. 571] ; *Savings Bank etc.* v.
*Asbury,* 117 Cal. 96, [48 Pac. 1081].) This exception to the
general rule is stated with more precision and perspicacity in
Jones on Evidence (volume 3, section 439), where it is said:
"The general rule under discussion is not violated by allowing
parol evidence to be given of the contents of a distinct, valid,
contemporaneous agreement between the parties which was not
reduced to writing, when the same is not in conflict with the
provisions of the written agreement. The exception is thus
stated somewhat more guardedly by Stephens (Stephens on

Evidence, art. 90). The party may prove 'the existence of any separate, oral agreement as to any matter on which a document is silent and which is not inconsistent with its terms, if from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole transaction between them, or the existence of any separate, oral agreement constituting a condition precedent to the attaching of any obligation under any such contract, grant or disposition of property.' "

The same authority, Jones, commenting upon the exception to the general rule, declares the law to be "that agreements or representations made prior to the written contract under which the party was induced to sign the contract, may be shown. In other words, where the parol contemporaneous agreement was the inducing and moving cause of the written contract; or when the parol agreement forms part of the consideration for a written contract, and where the written contract was executed upon the faith of the parol contract or representations, such evidence is admissible." (Jones on Evidence, sec. 439, p. 178.)

The reason for the exception to the general rule is to be found in the fact that the exclusion of such evidence, when relevant to the issues joined in a given case, would operate to permit one of the parties to the written agreement to take an unjust advantage of the other by receiving all of the benefits accruing to him under the contract without assuming all of the burdens imposed upon him by the terms of the contract. (*Gibbons* v. *Bush Co.*, 52 N. Y. App. Div. 211, [65 N. Y. Supp. 215]; 3 Jones on Evidence, sec. 493.)

If we are correct in our understanding of the exception to the general rule and its application to the issues joined and the evidence adduced in the present case, it follows that the trial court did not err in the particular stated; and likewise correctly charged the jury that it was a question of fact for them to determine whether or not the instrument in suit, in conjunction with the other two instruments pleaded and proven in support of the defendants' case, constituted but a single, indivisible contract covering a single transaction. (*First Nat. Bank* v. *Rothschild*, 107 Ill. App. 133; *Dillon* v. *Watson*, 3 Neb. (Unof.) 530, [92 N. W. 156]; *Rosenthal* v. *Ogden*, 50 Neb. 218, [69 N. W. 779]; *Meyer* v. *Shamp*, 51 Neb.

424, [71 N. W. 57] ; *Weeks* v. *Crie,* 94 Me. 458, [80 Am. St.
Rep. 410, 48 Atl. 107].)

Likewise the question of whether or not plaintiffs had failed
without just cause to keep and perform the terms and condi-
tions of the contract imposed upon them by the covenants of
the instrument covering the transaction for the year 1910,
and were induced to repudiate the same not because the hops
tendered by the defendants for that year were inferior in
quality to those called for by the contract, but rather because
the market price of hops for that year had fallen below the
purchase price specified in the contract, was a question of fact
for the jury to determine; and their determination in that
particular having been made adversely to the plaintiffs upon
what we conceive to be a substantial conflict in the evidence,
cannot, under the familiar rule, be reviewed or revised by
this court.

It seems to be one of the contentions of the plaintiffs that
the defendants were not entitled as a matter of law to defend
against the action upon the theory that the three instruments
constituted but a single contract, and that a breach of one
constituted a failure of consideration which would entitle the
defendants to rescind the entire contract.   In this behalf it is
insisted that the defendants should have resorted to the
remedy given by section 3399 of the Civil Code for the refor-
mation of a contract which through fraud or mistake does
not truly express the intention of the parties.   Perhaps the
defendants, if they had seen fit, might have resorted to the
latter remedy rather than to a rescission of the contract, but
they were not compelled to do so.   If the instruments in ques-
tion in law and in fact constituted but a single contract, the
defendants were entitled to consider and declare the same
rescinded and terminated upon the happening of a partial
failure of consideration which resulted from the alleged will-
ful and wrongful failure of the plaintiffs to keep and perform
an integral part of the entire contract.   (*Richter* v. *Union etc.
Co.,* 129 Cal. 367, [62 Pac. 39] ; *Sterling* v. *Gregory,* 149 Cal.
118, [85 Pac. 305].)   This is so because the willful and in-
excusable failure of one party to perform a material part of
a contract on his part to be performed is tantamount to an
abandonment of the entire contract; and clearly if the plain-
tiffs in the present case so failed, they should not be permitted
to recover damages for the refusal of the defendants to fur-

ther comply with the contract. (*Graves* v. *White,* 87 N. Y. 463; *California Sugar etc. Agency* v. *Penoyar,* 167 Cal. 274, [139 Pac. 671].) And, as was said in *Lake Shore, etc.,* v. *Richards,* 152 Ill. 59, [30 L. R. A. 33, 38 N. E. 773]) : "It can make no difference whether a contract has been partially performed, or that the time for performance has not yet arrived, in determining the right of one party to regard it as abandoned by the other; upon election to treat the renunciation of the contract by the other party whether by declaration or acts or conduct, as a breach of the contract, the rights of the parties are to be then regarded as culminating."

It is claimed that the trial court in one of its instructions in effect charged the jury that as a matter of law the three instruments in question constituted but a single contract, and in the same instruction declared that a breach of the instrument covering the purchase and payment for the defendants' hops for the year 1910 would suffice to warrant a judgment for the defendants without regard to its relation to the instrument covering the transaction for the year 1911. We do not think that the instruction complained of, even when considered alone and without reference to the other parts of the court's charge, is susceptible of any such construction; and we are satisfied that when considered and construed in conjunction with the charge of the court as a whole, it correctly stated the law and had no tendency to confuse or mislead the jury.

There is some evidence to support the finding of the jury implied from the verdict to the effect that the plaintiffs willfully and wrongfully defaulted in the performance of their part of the contract covering the transaction for the year 1910, and that thereupon the defendants elected to rescind and cancel the entire contract. These findings are sufficient in themselves to support the judgment; consequently it becomes unnecessary for us to determine whether or not the evidence supports the further finding likewise implied from the verdict that the plaintiffs consented to the rescission and cancellation of the entire contract upon their refusal to accept and pay for the hops tendered to them in 1910.

We think this disposes of all of the points involved upon this appeal.

The judgment appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 2, 1916. Angellotti, C. J., and Shaw, J., dissented from the order denying a rehearing by the supreme court.