[Civ. No. 3482. Second Appellate District, Division One.—April 1, 1921.]

## A. R. G. BUS COMPANY (a Corporation), Respondent, v. WHITE AUTO COMPANY (a Corporation), Appellant.

[1] Sales — Failure to Deliver Autotrucks — Evidence — Several Contracts—Single Transaction.—In an action for failure to deliver autotrucks under separate written order contracts, each one of which provided that there was not between the parties any understanding or agreement with respect to the order except such as was embraced in the terms thereof, parol evidence of the circumstances under which the contracts were made made was inadmissible for the purpose of showing that the contracts were all but parts of a single transaction. (Opinion of supreme court withheld on denial of hearing.)

[2] Id.—Evidence—Custom—Execution of Lease Contracts.—Evidence in such action of the existence of a custom and usage that where autotrucks were sold and the purchase price not paid in full, lease contracts in a certain form should be executed, was properly refused, since the admission thereof would have been a contradiction of the agreement of the parties as to the terms of the order contracts.

[3] Id.—Measure of Damages.—The measure of damages for failure of the seller of autotrucks to make delivery is the difference between the contract price and the market price at the time when the seller repudiated the contracts.

[4] Id.—Evidence—Lease Agreements—Insurance.—In the absence of a provision in such order contracts for the execution of lease agreements, parol evidence of an agreement that upon the delivery of each truck the purchaser would execute a lease agreement and carry insurance for the benefit of the seller was properly excluded. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Herbert W. Kidd, Eugene D. Williams, A. J. Verheyen and Rex Hardy for Appellant.

Alfred H. McAdoo and George E. Mills for Respondent.

1. Parol evidence to add to or vary writing, notes, 56 **Am. St. Rep.** 659; 17 **L. R. A.** 270.

CONREY, P. J.—On the eighteenth day of June, 1917 (defendant's corporate name at that time being Pioneer Commercial Auto Company), a contract in writing was entered into between plaintiff and defendant whereby the plaintiff agreed to purchase from defendant an automobile truck therein described and to pay therefor the stipulated price of $3,383.90. The terms of the contract, so far as it is necessary to set them forth here, are as follows:

"To be paid on delivery $783.90, balance in 18 monthly notes, interest at 8% per annum. Or said deposit of $ —— to be forfeited to the Pioneer Commercial Auto Company as their compensation for withholding sale. Title to above described property to remain in Pioneer Commercial Auto Company until same is paid for in full. Approximate delivery date as soon as possible."

"It is understood that the car above ordered is subject to the warranty published in the catalog of the manufacturer, and that no other warranty or guarantee is or will be given, and that there is no understanding or agreement whatsoever between the undersigned and the Pioneer Commercial Auto Company, or its agents, with respect to the above order, except such as are embraced in the terms therein."

The complaint alleged that on said day plaintiff and defendant entered into seven separate contracts, all of which are identical in their provisions and all containing the terms above stated; that under and by virtue of these contracts the plaintiff agreed to purchase from the defendant, and the defendant agreed to sell to plaintiff, seven Model GBBE White automobiles at a total price and consideration of $3,383.90 each; that defendant had wholly refused and failed to make delivery of said automobiles, notwithstanding demand therefor was made by plaintiff; that defendant had announced and declared to plaintiff that it does not intend to and will not make delivery of said automobiles as aforesaid. The first count of the complaint, after stating the foregoing facts, alleges that by reason of the breach and failure of the defendant to deliver said automobiles under and pursuant to the terms of the said contracts, plaintiff has suffered damages in the sum of $9,472.40. There are seven other counts in the complaint, all of which are like the first count except that each of them states a separate

cause of action on one of the seven contracts, and claims damages on account of the defendant's failure and refusal to deliver the automobile described in that contract. Judgment was rendered in favor of the plaintiff for damages in the sum of $2,500, from which judgment the defendant appeals.

The answer of the defendant, so far as denials of facts alleged are concerned, raises no issue except upon the fact of damage to the plaintiff and the amount thereof. But as a further and affirmative defense, it was alleged in the answer that on said eighteenth day of June, 1917, plaintiff and defendant entered into one certain contract whereby the plaintiff agreed to purchase from the defendant, and the defendant agreed to sell to the plaintiff, ten White automobile trucks at a price of $3,383.90 per truck "plus the additional necessary cost of installing upon each of said trucks special bodies therefor." The terms of this alleged contract included a cash payment of $783.90 on delivery of each truck and the giving of eighteen notes for the unpaid portions of the purchase price of each of said trucks; with the further provision that a written lease contract as to each of said trucks was to be entered into by plaintiff and defendant on delivery of each of said trucks, and that certain insurance was to be placed on each of said trucks in favor of the defendant at the time of delivery of said trucks to the plaintiff. It was alleged that three of the trucks were delivered, but that the plaintiff failed and refused to place insurance on any of them as required by the alleged contract, or to deliver to the defendant any insurance policies. Further allegations of the answer show that on or about October 1, 1917, the fourth automobile truck included in said contract was ready for delivery and defendant offered to deliver it to the plaintiff "upon the payment by it to defendant of said sum of $783.90, and upon the furnishing of insurance upon said truck in the sum of $2,600, and thereupon notified plaintiff that unless said payment was made upon said fourth truck and said insurance furnished thereon not later than October 9, 1917, defendant would refuse to deliver said truck or any of the remaining six trucks contemplated to be sold and delivered under the terms of said contract"; that plaintiff failed and refused to comply with these demands and that by reason

thereof defendant notified plaintiff that it would refuse to proceed further with the filling of said orders or with the delivery of the remaining seven trucks contemplated to be delivered under the terms of said contract.

[1] Appellant contends that the evidence is insufficient to sustain the court's finding that at the time stated the plaintiff and defendant entered into the seven separate written contracts mentioned in the complaint and that each one thereof was an independent contract; and that the court erred in refusing to admit parol testimony and other evidence going to prove that the ten order sheets constituted but one contract. This presents the most important question in the case. It should be noted, however, that the defendant sought, not only to prove that the ten order sheets constituted but one contract, but also to prove by evidence extraneous to those writings that the plaintiff agreed to sign "lease contracts" and to furnish insurance on the trucks in favor of the defendant. All of this offered evidence was objected to by respondent and excluded by the court. In support of appellant's contention that the court erred in these rulings, we are referred to two sections of the Civil Code and to certain decisions, and especially to *Torrey* v. *Shea*, 29 Cal. App. 313, [155 Pac. 820]. "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." (Civ. Code, sec. 1636.) "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." (Civ. Code, sec. 1642.) In *Torrey* v. *Shea, supra,* the rule is approved that where an inspection of the instruments themselves is not sufficient to ascertain whether or not several writings between the same parties were intended to cover a single contract, the intention of the parties being either not expressed, or doubtfully expressed, resort may be had to extrinsic evidence which will show the circumstances under which the several instruments were made, for the purpose of ascertaining the intention of the parties concerning the scope and effect of the several instruments. The rule was so applied in that case that the defendants were permitted to show in evidence a contemporaneous collateral oral agreement of the parties to the several instruments to the

effect that the subject matter of each instrument should be but a unit in a series of sales which as a whole were to constitute the subject matter of a single transaction. It was pointed out that in that case the defendants did not seek nor were they permitted to contradict by parol proof the covenants of the particular instrument in suit, and that therefore the rule that parol evidence is not admissible to alter, vary, or contradict a written instrument was not applicable. But the court further stated: "Of course, this exception to the general rule can be invoked and applied to a written instrument which *prima facie* purports to embody the complete legal obligations of the parties, only where the established circumstances surrounding and attending its execution warrant the inference that the parties did not intend that it should be a complete and final statement of the whole transaction before them."

In the case at bar, each one of the written contracts contains the following stipulation: "That there is no understanding or agreement whatsoever between the undersigned and the Pioneer Commercial Auto Company, or its agents, with respect to the above order, except such as are embraced in the terms therein." This is a direct declaration of intention that the writing is itself a complete contract. To have permitted appellant to prove by parol evidence that this was only part of a transaction wherein at the same time other trucks were sold by the defendant to the plaintiff, and that all of the sales constitute one transaction, would be a direct contradiction of the terms of each contract. To go further, and permit defendant to prove an addition to the agreed price by charging the purchaser with the duty of paying for insurance on the trucks for the benefit of the vendor, would constitute a further addition to and contradiction of the terms of the contract.

It is next contended that the court erred in refusing to receive testimony to explain ambiguity in the contracts. The illustrations offered by counsel related to items not relevant to the actual controversy between the parties. Appellant's refusal to perform its contracts did not in any instance grow out of any disagreement with respondent concerning the color of the automobile, or the extent of lengthening of wheel bases, or the meaning of the phrase "18 monthly notes." Appellant proceeded upon the theory that

notwithstanding the terms of each contract to the contrary, it could treat them all as one transaction and impose upon respondent conditions not specified in any one of the contracts as written. Its breach of the contract grew out of that assumption and did not result from ambiguities in the specifications of the orders. As to the elements of contract which have any bearing upon appellant's claimed right to refuse performance, we think the court did not err in treating each contract as complete upon its face.

[2] We think that the court did not err in refusing to admit evidence of witnesses to the effect that there was in the automobile business, at the time when these contracts were entered into, a general and well-recognized custom and usage that where trucks were sold and the purchase price not paid in full at the time of the sale, automobile lease contracts in a certain form should be executed. This could not have been done without contradicting the agreement of the parties that there was not between them any understanding or agreement with respect to the sale "except such as are embraced in the terms therein."

The conclusions already announced compel the further decision that the court did not err in refusing to receive testimony going to prove that defendant's refusal to deliver the fourth truck, or to make further deliveries, was warranted or justifiable. Neither did the court err in refusing to admit evidence proving that subsequent to the date of the execution of the contract, the same was supplemented by an executed oral agreement. The fact that respondent executed lease contracts and notes and furnished insurance policies in connection with the delivery of the three cars which were delivered to it by appellant in nowise constituted an executed supplemental agreement affecting the terms or performance of the other separate and independent contracts.

[3] The remaining point suggested is that the evidence does not sustain the finding establishing the amount of damages suffered by the plaintiff. The claim is that the evidence proved nothing more than a speculation or guess concerning the loss sustained. It is claimed that the only witness on this subject testified to nothing definite. In answer to the question, "What in your opinion would have been the reasonable market value in Los Angeles on October

9, 1917, of a new truck exactly as any one of the three trucks that were delivered by defendant to plaintiff?'' the answer was, ''Why, I would assume possibly $3,930 each.'' But on cross-examination the witness stated that these figures were the result of a computation which he had made and gave details which were sufficient to establish the difference between the contract price and the market price of such trucks at the time when appellant repudiated the contracts. There was other testimony tending to show that this computation was not excessive. The measure of damages was appropriately determined in accordance with sections 3308 and 3354 of the Civil Code. (*Connell* v. *Harron, Rickard & McCone*, 7 Cal. App. 745, [95 Pac. 916].)

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 31, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the second appellate district, division one, is denied.

[4] In denying the petition we would say that we withhold approval from the portion of the opinion of the district court of appeal holding that parol evidence of the circumstances under which the ten order contracts were made was inadmissible for the purpose of showing that the order contracts were all but parts of a single transaction. A decision of the question so presented was not necessary. The evidence was offered only for the purpose of laying the foundation for a further showing that it was agreed that upon the delivery of each machine the plaintiff should execute a lease agreement and that this lease agreement should contain a provision whereby the plaintiff would in effect carry insurance on the machine for the benefit of the defendant. There was no provision in the order contracts for the execution of any such lease agreement or any lease agreement at all. This being so, the attempt to show an understanding for the execution of the lease agreements was but an attempt to vary by parol or extrinsic evidence the terms of written

contracts. This could not be done, whether the ten contracts were or were not parts of a single transaction.

Olney, J., Shaw, J., Wilbur, J., and Sloane, J., concurred.

Angellotti, C. J., and Lennon, J., concurred in the denial of the petition for hearing.