[Civ. No. 178.   Third Appellate District.—May 15, 1906.]

## C. E. JOHNSON, Respondent, v. A. LEVY, Appellant.

LEASE OF LIVERY-STABLE—ASSIGNMENT TO PLAINTIFF—PRIOR TRANSFER OF PERSONAL PROPERTY TO DEFENDANT.—Where defendant had leased his livery-stable for a term of years, and held a chattel mortgage on all the personal property used in the stable for $650, and the verbal terms of an agreement for an assignment of the lease and personal property to plaintiff were that plaintiff was to give a secured note to defendant for that amount, pay a cash sum, and a balance, as provided in a written agreement to be made between plaintiff and defendant, and by advice of defendant's attorney the bill of sale was made to defendant instead of plaintiff, and the other terms of the agreement were carried out; and three days after the execution of the bill of sale, secured note and agree-

ment, the written lease was assigned to plaintiff, who was placed in possession of the stable and personal property, it cannot be held that the bill of sale to defendant of all the personal property in the stable carried with it the leasehold interest afterward assigned to plaintiff.

ID.—CONSTRUCTION OF INSTRUMENTS—CIRCUMSTANCES—SINGLE TRANSACTION.—Where the circumstances and condition surrounding and accompanying the execution of the several instruments involved in the transaction stand confessed through unchallenged findings reciting them, such circumstances must be considered in determining the intention of the parties, and the meaning of the language used; and several contracts relating to the same matters between the parties, and made as parts of substantially one transaction, are to be taken together, and must be reasonably interpreted so as to give effect to the mutual intention of the parties.

ID.—BILL OF SALE CONTROLLED BY DESCRIPTIVE CLAUSE IN AGREEMENT —INVENTORY—LEASEHOLD NOT INCLUDED.—If it be conceded that the bill of sale was broad enough to carry the leasehold interest to the defendant, nevertheless, the descriptive clause in the agreement between plaintiff and defendant is also broad enough to operate as assignment of that leasehold interest to the plaintiff; and the specific inventory therein of personal property to be surrendered to the defendant did not include the leasehold or any kind of interest in the real property held by plaintiff.

ID.—RECOVERY OF LEASED PROPERTY—SUPPORT OF FINDINGS—DAMAGES AGAINST EVIDENCE.—Upon a review of the evidence in an action to recover the possession of the stable, brought by the assignee of the lease against the owner of the property, to whom the personal property had been surrendered, and who ousted the plaintiff from possession, *held*, that the findings were sufficiently supported in all respects except as to the damages awarded, in respect to which there was no specific proof, and no element of certainty therein.

ID.—MEASURE OF DAMAGES.—The plaintiff having surrendered the personal property to the defendant, no speculative loss of profits which might have accrued from the business which he might have conducted if he had procured other horses, buggy robes, wagons, etc., in lieu of the personal property surrendered to defendant, can be allowed; and the plaintiff was simply entitled to damages resulting from the unlawful detainer of the stable.

APPEAL from an order of the Superior Court of Siskiyou County denying a new trial.   J. S. Beard, Judge.

The facts are stated in the opinion of the court.

James F. Farraher, for Appellant.

Coburn & Collier, for Respondent.

McLAUGHLIN, J.—This action involves the right to the possession of certain real property in Dunsmuir known as the Lee livery-stable.

The court rendered judgment for plaintiff and awarded him $300 damages, together with $60 per month as the rental value of the premises during the period of detention, and defendant appeals. The court found on all of the issues, and the facts gleaned from such findings may be summarized as follows:

The owner of the premises leased the same to one Beem for the term of three years, and the latter, about seven months later, assigned the lease to plaintiff, who at the same time purchased certain personal property, consisting of horses, buggies, wagons, harness, robes, blacksmith tools and stock in and about the stable, from his assignor. At the time of such assignment and sale defendant held a chattel mortgage on the personal property sold, to secure a note for $600, with interest thereon amounting to $50. The verbal terms of the agreement of assignment and sale were to the effect that plaintiff was to execute and deliver to defendant a note for the sum of $650, secured by sureties, pay $150 in cash, and the balance of $1,500, as provided in a written agreement to be entered into between plaintiff and defendant. Pursuant to the advice of the attorney who prepared the papers, the bill of sale of the personal property was made to defendant instead of plaintiff, and the other terms of the verbal agreement were carried out. Three days after the execution of the bill of sale, secured note and agreement, Beem executed and delivered a written assignment of his lease to plaintiff. Plaintiff was placed in possession of the stable and personal property, and remained in possession thereof until the following spring, when he surrendered possession of the personal property to defendant, but refused to surrender the leasehold interest, and expressly agreed with defendant that the latter might keep the personal property surrendered in the stable for one day only. The defendant forcibly took and retained possession of the stable, to plaintiff's damage in

3 Cal. App.—38

the sum of $300 and the further sum of $60 per month, the rental value of the premises during the time defendant so retained possession. This appeal is from an order denying defendant's motion for a new trial.

The principal findings assailed as unsupported by the evidence are those relating to the cash payment and to damages and rental value, and the findings resting on the construction of the written instruments executed between Beem and defendant, and plaintiff and defendant. The sufficiency of the evidence to support the finding that Beem placed plaintiff in possession and assigned the lease to him is also disputed. All other findings are unchallenged and therefore we must accept them as true. We think the evidence is sufficient to sustain all the findings except those relating to damages.

"A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates." (Civ. Code, sec. 1647.) The circumstances and conditions surrounding and accompanying the execution of the several writings to be construed stand confessed through the unchallenged findings reciting them, and, in obedience to the rule of law above quoted, such circumstances must be considered in determining the intention of the parties, and the meaning of the language used.

"Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." (Civ. Code, sec. 1642.) "A contract must be so interpreted as to give effect to the mutual intention of the parties, and such interpretation must be reasonable." (Civ. Code, secs. 1636, 1643.)

The vital question to be answered by the construction of the several writings under consideration is, whether plaintiff or defendant succeeded to the leasehold interest of Beem. The written assignment of Beem to plaintiff, indorsed on the lease, needs no construction, and it only remains to consider whether the leasehold interest passed to defendant by virtue of the instrument executed and delivered to him by Beem three days before such formal assignment to plaintiff was executed. By failing to challenge the findings in this regard, the appellant tacitly admits that there was a verbal agreement that the attorney suggested a bill of sale by Beem to defendant instead of to plaintiff, and that the instrument under consideration

was made pursuant to such verbal agreement and suggestion. This being true, it follows that the instrument was intended solely as a bill of sale of personal property, and this intention is very apparent on the face of the instrument itself. It is there recited that Beem sells, transfers, assigns and delivers unto Levy ''all his right, title and interest to and into the *following described personal property.*'' Then after the words ''to wit'' is inserted an enumeration of the property sold. The clause, ''And all and every kind of property of every name and nature now used in *conducting* the dray and livery business known as the Beem livery-stable,'' upon which the appellant relies, is found at the close of the descriptive paragraph, and is separated from the preceding words by a comma. It is patent from the context that this clause relates to and is qualified by the words ''the following described *personal property,*'' and that there was no intention to transfer other property than the personalty used in *conducting* the business. The agreement between plaintiff and defendant is convincing on this point. In that instrument the words ''all and every kind of property now used in the conducting of the dray, livery and feed business of the Beem livery-stable'' are used in describing the property, and yet in that instrument the property to be delivered by plaintiff to defendant in the event of a forfeiture is specifically described in an inventory in which personal property only is listed. While there can be little question concerning the intention of the parties, as gathered from these two documents, all possible doubt vanishes when the language employed is construed in the light of the admitted purpose of the instrument executed by Beem to defendant. (Civ. Code, sec. 1636.) But even if we accept the construction of the instrument contended for by appellant, we are still forced to the conclusion that he had no right to take or retain possession of the realty here in dispute. If it be admitted that the description of the property in the instrument executed and delivered by Beem to defendant is broad enough to include the leasehold interest, then it must also be admitted that the descriptive clause in the agreement between defendant and plaintiff is also broad enough to operate as an assignment of such interest to the latter. If this be the fact, and analysis of the two papers leaves no room for a contrary conclusion, then the specific inventory of property to be

surrendered under the last-mentioned agreement certainly does not include the leasehold or any kind of an interest in the real property. The plaintiff only agreed to surrender possession of the personal property mentioned in such inventory, and his testimony alone is sufficient to support the finding that he surrendered nothing else.

The findings relating to rental value and damages are not supported by the evidence. While there is some vague and unsatisfactory evidence tending to show that the value of the *rents, issues and profits* was sixty dollars per month, there is no evidence whatever tending in the remotest degree to show that the rental value amounted to that or any other sum. The evidence touching damages lacks every element of certainty. It consists solely of the guess or reasons for the guess. Both the direct and cross-examinations of the plaintiff, and even this is not supported by data, or particulars, demonstrate that he had no personal knowledge upon which to base an estimate, and the information derived from others was of the most general and indefinite character.

It is well settled that such evidence will not support a finding as to damages. (*Hays* v. *Windsor,* 130 Cal. 235, [62 Pac. 395].) But even if this evidence be accorded the utmost weight, it is still insufficient to support the finding. It clearly indicates that the estimated damages consisted of profits which might have accrued from the *business,* which plaintiff *might* have conducted *if* he could have procured horses, buggies, robes, wagons, etc., in lieu of the *personal* property surrendered.

Under no rule of law known to us can damages for the withholding of real property include speculative profits which might accrue from the joint use of real property the possession of which is withheld, and of personal property which has no relation to the real property or to the controversy. Had defendant unlawfully deprived plaintiff of the possession of the stable, horses, buggies, harness, etc., such damages might have been proper, but in the case presented respondent was simply entitled to damages resulting from the unlawful detainer of the stable.

The order is reversed.

Chipman, P. J., and Buckles, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 12, 1906.