[Civ. No. 3595.    First Appellate District, Division One.—December 6, 1920.]

MARSHAL A. FRANK, Respondent, v. CRESCENT WHARF & WAREHOUSE COMPANY (a Corporation), et al., Appellants.

[1] CHARTER-PARTIES—PROTECTION OF OWNER AGAINST LIENS—CONSTRUCTION OF AGREEMENT.—Where a charter-party provides that the charterer shall pay all costs of operating and maintaining the steamer (with certain exceptions) and, upon the expiration of the charter, deliver back the steamer to the owner, free of all liens and encumbrances, and there is no provision limiting the owner's right of recovery to liens created by any particular person or persons, the owner is protected against all liens (other than those for the work and materials excepted), irrespective of by whom created, while the steamer was being operated under the charter-party.

[2] ID.—LIABILITY OF VESSEL TO LIENS—KNOWLEDGE OF LAW—PRESUMPTION.—In construing a contract, existing laws enter into and become a part of contracts to which they are applicable; therefore, it is to be presumed that the charterer, and his surety, knew that in operating and maintaining the steamer under such charter-party, liens and encumbrances might be impressed upon the steamer, under section 813 of the Code of Civil Procedure, without their knowledge, through the acts of the chief engineer who was appointed by the owner.

[3] ID.—ESTOPPEL—PLEADING—INJUSTICE OR INJURY.—If a party relies upon an estoppel, he must plead it; and in invoking such doctrine the pleader must show that, unless his adversary is forbidden to show the existence of the particular acts or facts, an injustice or injury will be done.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan A. Frank and Irving H. Frank for Appellants.

Gavin McNab and Luther Elkins for Respondent.

WOOD, P. J., *pro tem.*—This action was brought upon a bond given for the faithful performance of the covenants of a charter-party of the steamer "F. A. Kilburn"; at the time the steamer was owned by plaintiff. He had judgment against both defendants and they appeal.

The covenants, in particular, to which our attention is directed by appellants, are:

"7th. The party of the second part shall pay all costs of operating and maintaining the said steamer, (except as hereinafter provided), and upon the expiration of this charter the said steamer shall be delivered back to the party of the first part free of all liens and encumbrances."

"8th. If, owing to the Acts of God, fire, perils of the sea, negligence of the master, or for any other causes beyond the control of the party of the second part, the said steamer should, during the term of this charter, be damaged or become unserviceable or unseaworthy, the party of the second part shall not be held liable for the same."

"4th. The party of the first part shall have the privilege of appointing the chief engineer of the steamer during the term of this charter, but the master shall be mutually satisfactory to both the first and second parties."

It is not disputed that in the operation and maintenance of the steamer by the second party (the appellant, Crescent Wharf and Warehouse Company), work and labor was done and furnished to the steamer by the Moore & Scott Iron Works, upon the credit of the vessel; that a libel was filed for the same in the district court of the United States; that a lien was adjudged therefor by virtue of section 813 of the Code of Civil Procedure; that the steamer was delivered back to plaintiff encumbered with this lien, and that plaintiff sustained the amount of damages awarded by the trial court in this action.

The judgment of the district court in the libel case brought against the steamer by the Moore & Scott Iron Works was appealed from and thereafter was affirmed by the circuit court of appeals and is reported in (*The F. A. Kilburn*) volume 179 Fed. 107, [103 C. C. A. 252].

In the libel case it appeared that the owner of the steamer did not know of the repairs and supplies in question and was never told of them prior to the libel suit, but it was held that in view of the fact that Flynn, the chief engineer,

was appointed by him, and that the Moore & Scott Iron Works had given former credits to the steamer upon the order of Flynn from time to time prior to the making of the charter-party, and that the charges therefor had always been paid, that the chief engineer had ostensible authority from the owner to order the repairs and materials, and hence the vessel was subject to the lien of the libelant.

The contention made by appellants here is that of an estoppel and the attack is directed against a portion of finding X, as being contrary to the adjudication made in the United States court in the libel suit against the steamer. That part of the finding referred to reads as follows:

"That the said lien for said work and labor done and supplies furnished to the said steamer 'F. A. Kilburn' was created by the said defendant, Crescent Wharf and Warehouse Company, a corporation; and the said work and labor done and supplies furnished to the said steamer 'F. A. Kilburn,' for which said lien was claimed, was so done and performed and furnished at the special instance and request of said defendant, Crescent Wharf and Warehouse Company."

It is argued by appellants that it is a legal impossibility for the charterer of a vessel to create a lien thereon as found by the superior court, and that hence this judgment must be erroneous. However, in the case upon which they place most reliance to support this argument, *The Valencia,* 165 U. S. 264, [41 L. Ed. 710, 17 Sup. Ct. Rep. 323], the concluding portion of the opinion is in part as follows: "Under what circumstances, if under any, a charterer who has control and possession of a vessel under a charter-party requiring him at his own cost to provide for necessary supplies and repairs, may pledge the credit of the vessel, it is not necessary now to determine."

Whether this principle of law, as contended by appellants, is correct and whether the doctrine of *res adjudicata* may be invoked against finding X, is unimportant, for, in our opinion, it was not necessary in order to support the judgment in favor of plaintiff for the court to find, as it did, either that the lien was created by the Crescent Wharf and Warehouse Company, or that the labor and supplies were furnished at the request of said company.

A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties. (Civ. Code, sec. 1643.)

[1] The charter-party provided, as we have seen, that the appellants should pay all costs of operating and maintaining the steamer (with certain exceptions not involved here), and upon the expiration of the charter deliver back the said steamer to the owner, free of all liens and encumbrances. The defendants in this action covenanted in their bond that the Crescent Wharf and Warehouse Company should strictly perform all the covenants and agreements of the charter-party, which by it was to be kept and performed, and deliver back said steamer to the owner after the expiration of the charter-party, free from all liens and encumbrances. There is not a word in the charter-party or bond limiting respondent's right of recovery to liens created by any particular person or persons. The reasonable construction to be placed on the instruments is that the owner should be protected against all liens while the steamer was being operated under the charter-party unless the liens were imposed for work and materials made necessary under the exceptions mentioned in the eighth subdivision.

The fact that the owner retained the chief engineer and reserved the right to appoint that officer cannot alter the meaning of the contract in this particular, for it appears from the opinion of the circuit court of appeals, cited by appellants, that Lehman, the president of the charterer company, testified in the libel case that the owner reserved such right "to keep the vessel in good condition."

[2] It is to be presumed that the appellants knew that in operating and maintaining the steamer under the charter-party, liens and encumbrances might be impressed upon the steamer under section 813 of the Code of Civil Procedure of this state, through the acts of the chief engineer and without their knowledge. In construing a contract, existing laws enter into and become a part of contracts to which they are applicable. (*Pignaz* v. *Burnett*, 119 Cal. 157, [51 Pac. 48]; *Fowler* v. *Smith*, 2 Cal. 568.)

The owner was not to pay any of the costs of operating and maintaining the steamer, except in cases arising under the eighth subdivision we have mentioned, and yet in effect,

appellants take the position that such obligation is imposed upon the owner by the charter-party, if, fortuitously the ship chandler enters his credit against the vessel instead of against the charterer. No such construction can be successfully raised as a shield in their defense.

The appellants argued that certain matters appearing in their answer, the same being taken from the answer of the owner in the libel suit against the steamer, also constitute an estoppel here. The only plea of estoppel set up by their answer is: ''That by virtue of the foregoing decision the said plaintiff is estopped to allege or maintain that the said work and labor done and materials furnished to said steamer 'F. A. Kilburn' as in said amended complaint alleged, was so done or furnished at the instance or request of the defendant, Crescent Wharf and Warehouse Company, a corporation, or that said lien in said amended complaint mentioned was created by said defendant, Crescent Wharf and Warehouse Company, a corporation, in the operation and maintenance of said steamer during the pendency of said charter-party or otherwise, or at all created by said Crescent Wharf and Warehouse Company.'' This also is the only plea of estoppel referred to in the findings of the court. The appellants were not parties to or actors in the libel suit, although respondent made timely demand upon them to defend. [3] Of course, it must be conceded that if a party relies upon an estoppel, he must plead it (*Burk* v. *City of Santa Cruz,* 163 Cal. 811, [127 Pac. 154], and cases there cited), and that, as a general rule, a party is not precluded from asserting a claim because inconsistent with some claim previously asserted by him but not successfully maintained. (*Lackman* v. *Kearney,* 142 Cal. 115, [75 Pac. 668]; 15 R. C. L. 956.)

In discussing the doctrine of estoppel, it was said by the learned author of the opinion in *Allen* v. *Hance,* 161 Cal. 189, [118 Pac. 527]: ''Whether the estoppel rests in judgment, deed, contract, or *in pais,* in its essence it amounts to this, that a man is forbidden to show the existence of a fact because by his past conduct, his declarations, his agreement, his deed, or a judgment, it would work an injustice and an injury to his adversary to permit him to do so.''

We search the answer of appellants in vain for any statement, intimation, or suggestion that anything . appearing

therein, or that any act, writing, or conduct of respondent at any time, caused any injustice or injury to appellants.

For the reasons stated, we are of the opinion that the judgment should be affirmed, and it is so ordered.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 3, 1921.

All the Justices concurred.