[Civ. No. 5171. First Appellate District, Division Two.—June 6. 1925.]

ORVILLA A. LATHROP, Appellant, v. TITLE INSURANCE & TRUST CO. (a Corporation), Defendant and Respondent; E. S. CROCKER, Intervener and Respondent.

[1] BONDS—NEGOTIABILITY — ISSUANCE PRIOR TO AMENDMENT. — The act of the legislature of August 7, 1915, amending the code in relation to negotiable instruments so as to make bonds payable

---

1. See 19 Cal. Jur. 803.

to bearer negotiable, did not have the effect of changing the character of such bonds issued before the amendment, although transferred thereafter.

[2] ID.—TITLE OF PLEDGEE—LIABILITY OF OWNER FOR DEBT—STATUTE OF LIMITATIONS—RIGHT OF POSSESSION.—A pledgee of non-negotiable bonds receives only what the pledgor has; and where the pledgor has no title at all, merely legal possession, the owner of the bonds does not become legally liable to pay the debt for which the bonds are pledged; and after said debt has been barred by the statute of limitations, the pledgee is not entitled, as against said owner of the bonds, to retain possession thereof until the debt is paid.

[3] ID.—STATUTE OF LIMITATIONS—UNAUTHORIZED PLEDGE—ESTOPPEL —PLEADING—EVIDENCE.—In this action by a surviving wife to recover certain bonds which had been wrongfully pledged to her deceased husband as security for a loan, and which bonds were being held by defendant trust company because of the claim of intervener to the ownership thereof, there was no merit in the contention that the intervener was estopped from setting up the statute of limitations or from claiming that the pledgor had not authority to make the pledge, as such contention was not borne out by the evidence and, furthermore, the defense of estoppel was not pleaded as required, and there was no proof that any injury had been caused to plaintiff by any of the things relied upon by her to estop the intervener.

***

(1) 9 C. J., p. 47, n. 61.   (2) 31 Cyc., p. 813, n. 80.   (3) 21 C. J., p. 1135, n. 83, p. 1242, n. 92.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Edwin F. Hahn, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Porter C. Blackburn for Appellant.

Otis H. Castle, Elvon Musick and H. C. Allen, Jr., for Defendant and Respondent.

Stuart M. Salisbury, Wm. B. Himrod and Verne E. Robinson for Intervener and Respondent.

LANGDON, P. J.—This appeal is by the plaintiff from a judgment against her in an action in which she sought to

***

recover three bonds of the Home Telephone and Telegraph Company, of the face value of $1,000 each, which she had delivered to the defendant and which it refused to return to her because of a claim of ownership made by E. S. Crocker, who intervened in the action and in whose favor judgment was given.

The trial court found that intervener was the owner and entitled to the possession of said bonds; that the bonds had been pledged to the husband of plaintiff to secure a loan of $600 made to one Vaughn; that Vaughn had no right or authority to make such pledge. It appears that intervener had permitted the bonds to be used to secure a debt of Edna Brown to one Peck; that when this indebtedness was satisfied, the bonds were received by Vaughn as attorney for Miss Brown and without her knowledge or consent, and without the knowledge or consent of intervener, Vaughn pledged the same to secure a personal loan. The pledgee having died, the bonds were distributed as a part of his estate to his widow, the plaintiff in this action. She had given the trust company possession thereof and intervener notified it of his ownership before it had accounted to plaintiff for the bonds and thereupon the trust company protected itself by refusing to deliver the bonds without a judgment of court.

There is no dispute about the foregoing facts. The findings are not attacked upon appeal. **[1]** The first point raised is that plaintiff was entitled to hold the bonds as security for the debt because the bonds are made negotiable by statute, being payable to bearer. This contention is settled against the appellant by the recent case of *Popp* v. *Exchange Bank,* 189 Cal. 296 [208 Pac. 113]. That case holds that the act of the legislature of August 7, 1915 (Stats. 1915, p. 99), amending the code in relation to negotiable instruments so as to make bonds such as those we are considering negotiable did not have the effect of changing the character of such bonds issued before the amendment, although transferred thereafter. The bonds involved in the instant case were issued in 1905 and the loan was negotiated in 1916.

**[2]** Another phase of the case is presented by the findings of the trial court to the effect that no promissory note, writing or memorandum was given to evidence the debt for which the bonds were pledged and that this debt was in-

curred in August, 1916, for a period of ninety days. The court concluded therefrom that the debt was barred under the provisions of section 339, Code of Civil Procedure. This holding is not attacked by appellant, but she contends that even though the debt was barred and the lien extinguished under the provisions of section 2911, Civil Code, nevertheless she, being in possession of the pledged property, like a mortgagee in possession of real property after the debt has been barred, was entitled to retain such property until the debt was paid.

Respondent concedes that equity requires the payment of a debt barred by the statute of limitations, when the debtor is asking to quiet his title against the mortgagee in possession, because of the moral obligation of the debtor, but contends that the reason for the rule fails where the person seeking to recover his property was never legally nor morally bound to the pledgee or mortgagee. As authority for this differentiation, respondant cites the case of *Faxon* .v. *All Persons,* 166 Cal. 707 [L. R. A. 1916B, 1209, 137 Pac. 919], wherein it is said: "The respondent contends and we think rightly, that the rule in question should not be extended to a case in which a liability to pay the debt does not, in morals and equity, rest upon the plaintiff or his property. Where the plaintiff is himself the debtor, the applicability of the rule is apparent. No different situation is presented where the plaintiff has bought the land before the right to foreclose the mortgage has become barred. In such case, he acquired the property subject to a valid subsisting lien, which was, presumably, taken into account in fixing the purchase price. Such property, when he acquired it, was bound by the debt, and it would be as inequitable to relieve him of the burden without payment as it would be to thus free the original debtor.

"In the present case, however, the plaintiff acquired the land by purchase for a consideration after the lapse of the time within which an action to foreclose the mortgage could have been brought. . . . The plaintiff was not personally liable for the debt, and was under no moral obligation to discharge it. When she bought the land, the records showed that the lien of the mortgage had become extinguished. (Civ. Code, sec. 2911.) It is difficult to see, therefore, how the land itself, so bought, was bound, legally or equitably,

by the debt. There seems to be no good reason for refusing to quiet the title of an owner in the situation of the plaintiff here.''

Similarly, in the instant case, intervener was never bound either legally or morally for the debt and a purchaser of non-negotiable bonds, although he buys in good faith and for value, acquires only the title of the seller. (*Popp* v. *Exchange Bank, supra.*) Therefore, a pledgee of non-negotiable bonds receives only what the pledgor had—in this case, no title at all. It must follow that there is no obligation upon the part of the intervener to pay the debt for which the bonds were pledged.

[3] The only other matter requiring discussion is the contention that the intervener was estopped from setting up the statute of limitations or from claiming that Vaughn had no authority to make the pledge. We think this contention is not borne out by the evidence and, furthermore, the defense of estoppel was not pledged as required, and there was no proof that any injury had been caused to plaintiff by any of the things relied upon by her to estop the intervener.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.