[Civ. No. 3153.   Third Appellate District.—May 10, 1927.]

## CHOWCHILLA NATIONAL BANK (a Corporation), Appellant, v. KATIE NILMEIER, Respondent.

[1] Claim and Delivery—Replevin—Chattel Mortgage by Husband and Wife—Subsequent Mortgage by Husband Alone—Claim of Title by Wife—Affidavit—Estoppel—Pleading—Evidence.—In an action in replevin to recover possession of certain cattle mortgaged by a husband alone to the plaintiff bank to secure a loan obtained by him, the defendant wife, by joining with her husband in a previous chattel mortgage to another bank, and by making the affidavit therein jointly with him that the "said mortgagor owns the absolute title" to the mortgaged property, is not estopped to deny that the husband owned the cattle, or to deny that he was authorized to later mortgage them to plaintiff, where the issue of

estoppel is not raised by the pleadings, and there is nothing to show or even tending to show that when the wife joined in making the affidavit in the previous mortgage, she intended that the plaintiff should act upon any statement in it, and there is nothing in the affidavit that should have led plaintiff to believe that she so intended.

[2] Id.—Estoppel—Pleading.—Where the cause of action or defense of a party depends upon estoppel he must plead it.

[3] Id.—Conduct of Wife—Time—Estoppel.—In such action, the alleged failure of the defendant wife to assert title to the cattle following their attempted mortgage to plaintiff, or to move to have the mortgage set aside, having occurred after the date of the mortgage to plaintiff, as did an alleged statement of the wife to the assessor, such circumstances could not have influenced the plaintiff in making the loan and accepting the mortgage, and it could not have relied upon them to its injury; and unless conduct is so influenced no estoppel arises.

[4] Id.—Title to Mortgaged Property — Burden of Proof — Statement of Trial Judge—Effect of.—In such action, the statement of the trial judge made during the trial that the burden was upon plaintiff to show that the title of the cattle, the mortgaged property, was in the husband, the mortgagor, aside from its apparently obvious correctness, presents no question for review, since if the case was correctly decided, mere statements by the trial judge or reasons given for the decision, even if they were erroneous, will be disregarded.

[5] Id.—Detention of Mortgaged Property—Damages—Evidence—Judgments.—In such action, that part of the judgment in favor of the defendant awarding damages for the detention of the cattle from the period when they were taken until the trial of the action was unwarranted, where all that appears is that the cattle were taken from defendant on a specified date and kept until four months thereafter.

[6] Id.—Damage — Presumption — Evidence — Judgments. — In such action, it will be presumed that damage resulted from the detention of the cattle, but in the absence of any evidence of its amount only a nominal sum may properly be allowed.

---

(1) 30 C. J., p. 830, n. 74. (2) 21 C. J., p. 1120, n. 19, p. 1242, n. 92, p. 1244, n. 3. (3) 30 C. J., p. 832, n. 91. (4) 4 C. J., p. 663, n. 92; 33 C. J., p. 1105, n. 40. (5) 17 C. J., p. 721, n. 56.

2. Necessity for pleading estoppel, note, 27 Am. St. Rep. 344. See, also, 10 Cal. Jur. 653; 10 R. C. L. 842.

3. Estoppel by conduct, note, 13 Am. Dec. 237. See, also, 10 Cal. Jur. 627; 10 R. C. L. 607.

4. See 2 Cal. Jur. 809; 24 Cal. Jur. 924.

6. See 8 Cal. Jur. 740.

APPEAL from a judgment of the Superior Court of Madera County. Stanley Murray, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Barcroft & Barcroft for Appellant.

J. M. Emmert and Walter C. Maloy for Respondent.

SHIELDS, J., *pro tem.*—This is an action in replevin to recover possession of eight cows and three heifers, the increase of these cows, which plaintiff claims were mortgaged to it as hereinafter stated. It appears to be undisputed that the cows in question were purchased by the defendant Katie Nilmeier with her separate funds during the lifetime of her husband, C. H. Nilmeier, while they were living together as husband and wife and that the animals became the separate property of Katie Nilmeier. On January 30, 1924, and in the circumstances above stated, C. H. Nilmeier and Katie Nilmeier joined in a chattel mortgage of these cows to the Bank of Italy to secure the payment of a promissory note of that date. Attached to this mortgage was the usual affidavit of ownership and good faith. This affidavit begins "said mortgagor being duly sworn, individually, deposes and says," etc., and continues in the singular throughout, including the statement that "said mortgagor owns the absolute title" to said mortgaged property. This affidavit is signed by both C. H. Nilmeier and Katie Nilmeier. On April 14, 1924, C. H. Nilmeier borrowed a sum of money from the plaintiff bank and as security for its payment gave a chattel mortgage on, among other things, the eight cows, previously mortgaged as above stated, the mortgage to the Bank of Italy being thereafter released. Katie Nilmeier did not sign nor join in this latter mortgage.

C. H. Nilmeier died on July 1, 1925, while in default upon such later note and mortgage. Plaintiff made demand upon Katie Nilmeier for the sum due on the note and mortgage of her husband, and upon her statement that she would not make such payment, and that she owned the cows as her separate property, this action was begun. At the trial judgment was given defendant upon her cross-complaint for the

recovery of the animals or their value assessed at $675 and for $100 damages for the detention of the animals by the plaintiff.

Plaintiff's appeal from this judgment presents very few questions for decision.

Practically the only matter to have been determined at the trial, as counsel agreed at the time, was as to who owned the mortgaged cows. This fact was determined against the plaintiff by the trial court, and as this finding is well supported by the evidence, it should end the matter.

[1]   But appellant contends that by signing the mortgage to the Bank of Italy, jointly with her husband, and by making the affidavit jointly with him, that the "said mortgagor owns the absolute title" to the mortgaged property, Katie Nilmeier is now estopped to deny that her husband owned the cows, or to deny that he was authorized to later mortgage them to plaintiff. This contention is unwarranted. In the first place, the issue of estoppel is not raised by the pleadings. [2]   Where the cause of action or defense of a party depends upon estoppel he must plead it. (10 Cal. Jur. 653.) The facts set up in paragraph five of plaintiff's answer to defendant's cross-complaint are not sufficient to raise this issue. But disregarding this omission in the pleadings and taking the evidence broadly as it is disclosed by the record, no facts creating an estoppel are shown.

The only fact that occurred before the loaning of the money by the plaintiff and its acceptance of C. H. Nilmeier's mortgage of the cattle to secure it was the joining of defendant with C. H. Nilmeier in the affidavit to the chattel mortgage to the Bank of Italy. This affidavit was a part of a transaction between defendant and her husband and the Bank of Italy. The statement in the affidavit that "said mortgagor owns the absolute title" to the cows was made to the Bank of Italy and was for the purposes of that loan. The affidavit does not say that C. H. Nilmeier owned the property. If we invoke the rule that the singular includes the plural and hold that where two persons sign an affidavit, as in this case, the word "mortgagor" must be read "mortgagors," if the public are to deduce any conclusion from it, it must be held at most to be an assertion or admission of joint ownership. There is nothing to show or even tending to show that when Katie Nilmeier joined in making this affidavit, she intended that the plaintiff should act upon any

statement in it, nor was there anything in it that should have led plaintiffs to believe that she so intended.

Such an element is an essential quantity in any estoppel. (10 Cal. Jur., p. 627, sec. 14.) [3] The alleged failure of Katie Nilmeier to assert title to the cows following their attempted mortgage to plaintiff, or to move to have the mortgage set aside, occurred after the date of the mortgage, as did the alleged statement of Katie Nilmeier to the assessor; as a consequence these circumstances could not have influenced the plaintiff in making the loan and accepting the mortgage, and it could not have relied upon them to its injury. Unless conduct is so influenced, no estoppel arises. (10 Cal. Jur., p. 627.)

[4] Another contention of appellant is that during the trial the court stated to counsel for plaintiff that the burden was upon plaintiff to show that the title to the cows, the mortgaged property, was in C. H. Nilmeier, the mortgagor. Aside from the apparently obvious correctness of this statement, it presents no question for review. Thereafter and in due course the court decided the case. The question here is as to the correctness of that decision. If it was correctly decided, mere statements by the trial judge or reasons given for the decision, even if they were erroneous, will be disregarded. (2 Cal. Jur., p. 809; 24 Cal. Jur., p. 924; 33 C. J., p. 1104, sec. 59.)

[5] The judgment in this case included $100 as damages for the detention of the cows, from the period when they were taken until the trial of the action. This seems to have been unwarranted. No evidence of any kind seems to have been offered as to the damage suffered. All that appears is that eight cows, two of them milking, were taken from defendant on the tenth day of July, 1925, and kept until the tenth day of November following. [6] That damage resulted from such detention will be presumed, but in the absence of any evidence of its amount only a nominal sum may properly be allowed. (*Park* v. *Frank,* 75 Cal. 364 [17 Pac. 427]; *Johnson* v. *Levy,* 3 Cal. App. 591, [86 Pac. 810]; 17 C. J., p. 720, sec. 59.)

The judgment is modified by striking therefrom the sum of $100 allowed as damages and as so modified the judgment is affirmed, the appellant to recover cost of appeal.

Plummer, J., and Finch, P. J., concurred.