[Civ. No. 5574. Second Appellate District, Division Two.—October 18, 1929.]

STATE CREDIT CORPORATION, Appellant, v. P. M. RANGER et al., Defendants; H. E. FROST, Respondent.

Harry D. Parker for Appellant.

Hollingsworth & Henderson for Respondent.

BURNELL, J., *pro tem.*—Plaintiff corporation, the appellant here, brought this action in claim and delivery to recover an automobile. The complaint alleges that plaintiff and defendants, other than defendant-respondent Frost, had, on January 27, 1926, entered into a written agreement for the purchase by said defendants from plaintiff of a Jordan sedan for the agreed price of $1723.70, payable *in cash on January 27, 1926,* and that possession of the car was thereafter delivered to said defendants, who were doing business under the firm name "Ventura Jordan Company." The contract, attached to the complaint as an exhibit and by reference made a part thereof, appears to be in the usual form of conditional sales contracts for the purchase of automobiles on the basis of installment payments, although it is to be observed that the blanks in the clause providing for amount and due date of installments are not filled in, but, on the contrary, the whole purchase price is made payable upon the very day of the execution of the contract. There are the usual provisions for interest "on deferred payments," payment of taxes by the purchaser, keeping up insurance, repairs, etc., and an agreement on the part of the purchaser that he will not permit the car to be removed from his possession nor "sell, attempt to sell, lease, mortgage, hypothecate or otherwise dispose of said personal property. . . . " It is further stipulated that: "In the event the purchaser fails or neglects to comply with any of the terms, covenants or conditions of the contract, or to make any of the several payments provided for herein, when due, . . . the seller, at his option, and without notice to the purchaser, may elect to declare the whole purchase price immediately due and payable, or the seller may, without notice to the purchaser, declare all the rights of the purchaser under this contract terminated, and without demand first made, and with or without legal process, immediately take possession of said personal property. . . . " The contract provides that: "Until the purchaser has fully com-

plied with all the terms, covenants and conditions of this contract, and made all the payments as herein provided, said personal property . . . shall belong to, and the title of said personal property shall remain in the seller," and that, "Possession of said personal property shall give the purchaser no title or interest therein and no rights except as herein provided."

The complaint alleges that about February 12, 1926, the Ventura Jordan Company "attempted to sell," and "actually did transfer possession" of the Jordan sedan in question to defendant Frost, "who now has the possession thereof and claims to be the owner." There are the usual allegations of demand for delivery, refusal to deliver, ownership and right of possession in plaintiff, value of property, etc., to be found in complaints in this type of action.

All defendants except Frost defaulted. The latter filed an answer which was merely a specific denial of the allegations of the complaint and which set up no new matter. The trial was by jury, resulting in a verdict and judgment against plaintiff and in favor of defendant Frost as to ownership of the car. From this judgment plaintiff has appealed.

Respondent's theory of the case was, and is, that the automobile in question, together with other cars of the same make, was delivered to the Ventura Jordan Company, sales and service agents for Jordan cars at Santa Paula, for sale, and that the appellant corporation, which was financing the Ventura Jordan Company in the matter of acquiring cars from the southern California distributors, caused the contract set forth in the complaint to be executed merely for its protection and under a verbal agreement whereby, upon a sale being made by the Ventura Jordan Company, that portion of the retail selling price of the car sold which represented the wholesale or dealer's price specified in the written contract was to be paid by the Ventura Jordan Company to appellant finance company, which would then deliver the "pink slip" indicative of legal ownership, to the purchaser, and that both parties to the written contract understood and agreed that the car was to be offered for sale to the public, and that in so delivering the car to the Ventura Jordan Company appellant constituted the latter its agent or factor clothed with ostensible authority to sell the car, and in the case of an

innocent purchaser thereof, was estopped to deny the fact of such authority. Hence that respondent, purchasing the car from a Jordan dealer in the usual course of business, acquired a good title thereto.

In advancing this theory respondent relies upon the principle laid down in such cases as *Carter* v. *Rowley,* 59 Cal. App. 486 [211 Pac. 267], *Chucovich* v. *San Francisco Securities Corp.,* 60 Cal. App. 700 [214 Pac. 263], *Parke* v. *Franciscus,* 194 Cal. 284 [228 Pac. 435], and *Kenny* v. *Christianson,* 200 Cal. 419 [50 A. L. R. 1297, 253 Pac. 715, 716], to the effect that when the legal owner of an automobile delivers it to a dealer for the purpose of sale he thereby clothes the latter with ostensible authority to sell the car and is estopped to deny the validity of the title thereto acquired by an innocent purchaser in due course of business.

Appellant, on the other hand, strenuously and, we feel constrained to say, somewhat intemperately contends that the question of the Ventura Jordan Company's agency was "falsely and illegally raised," and that the court in instructing the jury upon the issue of agency "illegally and wrongfully injected (that issue) into the trial of said cause without a proper plea of acts and facts constituting a waiver or raising an estoppel," and also that "The court illegally and wrongfully, in violation of well-known and well-established rules of pleading and procedure, (1) permitted defendant-respondent, over timely objection, to introduce evidence of facts, circumstances and matters claimed to be a waiver of rights and to raise an estoppel *in pais* against the plaintiff-appellant, notwithstanding the fact the same was not duly and regularly and fully pleaded specifically, as required by law to make those facts, circumstances and matters available at any stage in the trial of the cause."

Appellant urges other grounds for a reversal of the judgment, but we do not find it necessary to go into them, since the determination of this appeal must of necessity rest upon that of the question of whether or not the matters of ostensible agency and estoppel were properly before the court and jury.

Upon the trial in the court below the plaintiff vainly objected to all testimony tending to show the existence of "another agreement or understanding entirely collateral to

and outside of the scope of this particular contract," as well as to all testimony tending to show that the Ventura Jordan Company was an agent of plaintiff corporation or was authorized by it to sell the car. One of the grounds stated for these objections was that the matters sought to be established were not within the issues involved in the case. At the close of the trial counsel for plaintiff moved the court to strike out all of this testimony, basing his motion upon the same grounds. This motion was denied.

Respondent's contention that, notwithstanding appellant corporation's admitted (so far as the evidence was concerned) legal ownership of the car, he obtained good title from the Ventura Jordan Company, is and can be based upon the theory of estoppel only, the theory, as stated in *Stoner* v. *Security Trust Co.*, 47 Cal. App. 216 [190 Pac. 500, 502], that the general rule that one in possession of personal property can transfer to another no greater interest in the property than he himself has is subject to the exception that "where the owner of the property clothes another with the apparent title to, or power of disposition over, it and an innocent third party has thereby been induced to deal with the apparent owner in reference thereto the true owner will be held estopped from afterwards asserting his title."

It is the firmly established rule in California that a party who desires to rely upon an estoppel *in pais* must plead the facts giving rise thereto. A few of the many cases in which this rule has been laid down, reiterated and followed are *Clarke* v. *Huber*, 25 Cal. 594; *Chapman* v. *Hughes*, 134 Cal. 641 [58 Pac. 298, 60 Pac. 974, 66 Pac. 982]; *Fair Oaks Bank* v. *Johnson*, 198 Cal. 196 [244 Pac. 335]; *Producer's Holding Co.* v. *Hill*, 201 Cal. 204 [256 Pac. 207]; *Frank* v. *Crescent Wharf etc. Co.*, 50 Cal. App. 272 [195 Pac. 79] (and see long list of cases in 10 Cal. Jur. 654). As said in *Davis* v. *Davis*, 26 Cal. 23 [85 Am. Dec. 157]: "Equitable estoppels *in pais*, generally, if not universally, are applied to prevent injury which would ensue to one from the acts or declarations of another, were he permitted to gainsay the truth of such acts and declarations. The principle is invoked and applied for the prevention of fraud, or that which is tantamount thereto, on the one side, and injury on the other; and it is but just

and is in accordance with the rules of pleading in equity cases, that the party relying upon an equitable estoppel *in pais* should inform the adverse party of the nature of the cause of action or defense which he will be obliged to meet. To do this he must plead it with the same fullness and particularity as is required in cases involving like subjects of inquiry, in suits in equity."

This principle is as applicable to actions in claim and delivery as to those of other character; thus in *Chowchilla Nat. Bank* v. *Nilmeier,* 83 Cal. App. 18 [256 Pac. 298, 299], an action to recover possession of certain cows which had been mortgaged to the plaintiff bank by one C. H. Nilmeier, his widow filed a cross-complaint alleging that the animals were her separate property and on this cross-complaint had been awarded judgment for their recovery or their value, together with damages for their detention. Appealing from this judgment, the bank contended that, by signing a prior mortgage of the same cows to another bank jointly with her husband, "and by making the affidavit jointly with him that 'the said mortgagor owns the absolute title' to the mortgaged property," Mrs. Nilmeier was "estopped to deny that her husband owned the cows, or to deny that he was authorized to later mortgage them to plaintiff." It was held that the plaintiff not having plead the alleged estoppel in its answer to the cross-complaint, the issue was not properly before the court. The court said: "In the first place, the issue of estoppel is not raised by the pleadings. Where the cause of action or defense of a party depends upon estoppel he must plead it." Again, in *Lathrop* v. *Title Ins. & Trust Co.,* 73 Cal. App. 147 [238 Pac. 748], which was an action to recover certain bonds, a defense based upon estoppel *in pais* was held to be unavailable because not pleaded.

Examination of the records in the cases relied on by respondent discloses that, in *Carter* v. *Rowley, supra,* and *Parke* v. *Franciscus, supra,* the facts claimed to give rise to the estoppel were pleaded, while in *Chucovich* v. *San Francisco Securities Corp., supra,* the question of pleading was not raised.

Respondent places great reliance upon *Kenny* v. *Christianson, supra,* as holding that a defendant who bases his defense and claim of right of possession upon an estoppel on the part of the plaintiff is not required to plead the same.

The decision in that case does not so hold. There the action was in claim and delivery for an automobile purchased by the defendant from a used-car dealer with whom it had been placed for sale by the plaintiff. The dealer had embezzled the proceeds of the sale. In his answer the defendant, unlike the respondent in this case, had affirmatively ''alleged that from a time prior to the commencement of the action and ever since said time he had been and continued to be the owner of and entitled to the possession'' of the car. In its statement that the defendant was not required to plead estoppel, the court was not discussing the question of the necessity of pleading facts showing that plaintiff had, by delivering the car for sale to a dealer, clothed the latter with ostensible authority to dispose of it and was therefore estopped to deny his right to do so. The point under discussion was the plaintiff-appellant's contention that the defendant was not entitled to assert his ownership because there had never been issued to him the certificate of registration and ownership provided for by the Motor Vehicle Act of 1925 (Stats. 1925, p. 398), and his further contention ''that defendant's claim that the plaintiff is not entitled to rely upon the aforesaid provisions of the Motor Vehicle Act to defeat the defendant's claim is a defense based upon an estoppel, and that the defendant was not entitled to the benefit of such defense because of his failure to plead such estoppel.'' It was in answer to this contention that the court said: ''In making this contention plaintiff relies upon the familiar rule that the defense of an equitable estoppel is one which must be pleaded. This rule, however, has only application to cases wherein the plaintiff bases his sole reliance for his recovery in said action upon a claim of title which he is estopped to urge. Where, however, a plaintiff, as in this case, bases her alleged right of recovery in the first instance upon the original claim of ownership of the property in question and upon her contention that the person through whom the defendant acquired title to said property had no authority from her to dispose of the same, the defendant is not required in his pleadings to anticipate such other contentions as the plaintiff may seek to rely upon when her main reliance for her right of recovery has failed her, and which do not appear upon the face of her complaint. In such cases the de-

fendant may await the assertion by plaintiff in her proof of such additional foundation for her right of recovery and may then oppose the same with his evidence of an equitable estoppel.''

We find nothing in this statement or elsewhere in the opinion to warrant the assumption that the Supreme Court intended to overrule an unbroken line of its own decisions, commencing with *Lestrade* v. *Barth,* 19 Cal. 660, decided in 1862 and continuing on to the present day, to the effect that an estoppel must be affirmatively plead.

We hold, therefore, that the respondent, not having set up such a defense, evidence of the facts tending to substantiate it was not within the issues and should not have been admitted and that the learned trial court erred in instructing the jury upon the theory of agency. For these reasons the judgment must be reversed and the cause remanded. In taking this action we feel constrained to observe that there seems to be sufficient evidence in the record before us to have brought the case within the doctrine of *Carter* v. *Rowley, Chucovich* v. *San Francisco Securities Corp., Parke* v. *Franciscus* and *Kenny* v. *Christianson, supra,* had estoppel been pleaded, and that on a retrial of the case respondent should be permitted to amend his answer so as to raise the issue of estoppel if he desires to do so.

Judgment reversed and cause remanded, with directions to the trial court to permit respondent to amend his answer so as to allege an estoppel, if respondent shall request leave so to amend.

Works, P. J., and Craig, J., concurred.