[Civ. No. 23138. Second Dist., Div. One. Dec. 11, 1958.]

CLEON E. BENSON, Appellant, v. MARK E. ANDREWS et al., Defendants; ANGELA E. HENRY et al., Respondents.

*Assigned by Chairman of Judicial Council.

Maury, Larsen & Hunt and Ray L. Mayfield for Appellant.

Bruce Mason, Ball, Hunt & Hart and Clark Heggeness for Respondents.

FOURT, J.—This is the second appeal in this case. The first appeal resulted in a reversal of the judgment because of the insufficiency of the evidence to support the findings and the judgment. (*Benson* v. *Andrews* (1955), 138 Cal. App.2d 123 [292 P.2d 389].)

Benson, a cabinet worker, brought the action in the first instance in 1951 against Angela E. Henry and George A. Henry to foreclose a deed of trust securing a promissory note for $9,000, and against one Kales to foreclose a mechanic's lien of $3,961. Mark Andrews was a general contractor and the Kales obligation was his. Andrews was the payee of the $9,000 promissory note involved in the foreclosure.

Benson took the note from Andrews by way of assignment supposedly to satisfy a claim which Benson had against

Andrews for work, labor and materials furnished to Andrews by Benson as a cabinetmaker. The note was given by the Henrys to Andrews as a final payment due on a construction contract wherein Andrews had agreed to construct an apartment house for the Henrys for a specified amount. The action of *Benson* v. *Kales* was contingent upon his failure to recover against the Henrys.

The Henrys admitted the execution of the note and deed of trust, but contended that there was a total failure of consideration. Their defense was based in large part upon Andrews' abandonment of the construction work before it was completed at a cost to them greatly in excess of the contract price agreed upon between Andrews and the Henrys. It is apparently admitted that the note and trust deed were given to Andrews as the last or final payment on the contract.

The case was tried in 1954, before a judge without a jury. The court found against the Henrys and their defense of the failure of consideration, and entered a judgment of foreclosure in favor of Benson. The judgment was also in favor of Kales, as the plaintiff was successful on his claim to foreclose the note and deed of trust against the Henrys. The Henrys appealed from the entire judgment upon the ground that there was insufficient evidence to support the finding to the effect that there was no failure of consideration. The appellate court dismissed the appeal against Kales, on motion, because the Henrys asserted no right to relief against them. The judgment in favor of Kales against Benson then became final.

The contention of the Henrys was upheld upon appeal and the court said, among other things, the following (*Benson* v. *Andrews, supra,* 138 Cal.App.2d 123, pages 131-138):

". . . So far as the problems important to this appeal are concerned, the essence of plaintiff's action is his attempt to enforce payment of the note assigned to him by Andrews and to foreclose the second deed of trust because of the Henry's alleged default in payment. As one of their defenses, the Henrys relied upon a failure of consideration for the note and trust deed. One of plaintiff's principal contentions at the trial was that he took the instrument as a holder in due course, free of any defense which the Henrys might assert against Andrews.

". . . The court's conclusions, in their pertinent portion, are that 'plaintiff and his wife are bona fide and valid assignees and owners of the said note and second trust deed,

*but are not holders in due course* of said note; [and] that there is no defense of failure of consideration as to said note and trust deed in favor of the defendants Henry as against the plaintiffs.' (Emphasis added.)

". . . The Henrys argue that plaintiff is precluded from recovering because Andrews' nonperformance under the building contract resulted in a total failure of consideration. This contention must be sustained.

". . . The defense of failure of consideration, in its precise sense, rests not upon facts existing at the time the mutual promises bargained for in a bilateral contract are made but upon some fact or contingency which occurs between the time of making of the contract and the action thereon which results in the material failure of performance by one party. . . .

. . . . . . . . . . . . . .

". . . Plaintiff concedes in his brief that 'the consideration for that note and trust deed was the promise of Mark Andrews to construct the building.' The note and trust deed were executed by the Henrys in contemplation of such future advances by Andrews as would enable him to complete for them the proposed structure. His right to enforce these instruments could arise only to the extent that he had accomplished the promised performance. . . .

". . . the essential matter to be established in the instant case is whether the consideration failed in whole or in part and it is clear beyond peradventure that there was a total failure of consideration for the note and deed of trust.

". . . Unless Andrews was to complete the building project and pay for the work of the artisans and the supplies of the materialmen during the progress of the construction, then what was he to do for the $9,000? The Henrys agreed to pay the note in anticipation of advances by Andrews required to erect the building; otherwise they would be paying $9,000 for absolutely nothing. But Andrews did not complete the building nor did he pay off any of the some $15,000 in mechanics' liens which were recorded against the building. Instead, having become insolvent, he ceased work on the building, abandoned the contract, advised Mrs. Henry to get someone else to finish the work and shortly thereafter went into bankruptcy and lost his contractor's license. . . . 'An owner who has fully complied, upon his part, with the terms of a valid building contract cannot be compelled to pay anything in excess of such contract price [citation].' (*Growall* v. *Pacific Surety Co.*, 21 Cal.App. 185 [131 P. 73].)

". . . It is inescapable from any aspect of the case that there has been a total failure of consideration for the note and deed of trust to Andrews, and the court's determination that there was no failure of consideration is completely contrary to the facts and unsupported by the evidence. Since plaintiff stands in the same position as Andrews, being a mere assignee and not a holder in due course, he was subject to the same defense of failure of consideration as Andrews.

. . . . . . . . . . . . . . .

"Plaintiff also contends that the Henrys had either actual or imputed notice of the assignment prior to the close of the escrow and may not now assert the defense of failure of consideration occurring after the assignment, especially since not until after the close of escrow did he first acquire knowledge of any claimed invalidity of the note and trust deed. The complete answer to plaintiff's contention appears in . . . *Bliss* v. *California Coop. Producers*, 30 Cal.2d 240, 250 [181 P.2d 369, 170 A.L.R. 1009] . . .: '. . . The general rule has been repeatedly stated that an assignee of a note who is not a holder in due course takes subject to all defenses that would be available against the assignor, one of such defenses being failure of consideration.'

"Finally, plaintiff asserts that the doctrine of estoppel should be applied to sustain the judgment. The first amended complaint upon which the issues were joined is barren of any allegations in support of the estoppel theory. At the conclusion of the trial, plaintiff was permitted to amend his pleading to allege that 'the defendants are estopped by their conduct from asserting any invalidity of said promissory note and trust deed. . . .' The court made no finding on the question of estoppel nor did it conclude as a matter of law that defendant was or was not estopped 'from asserting any invalidity of said promissory note and trust deed.'

. . . . . . . . . . . . . .

". . . The manifold cases passing on the law of equitable estoppel have established the following factors as the principal elements of this doctrine: (1) there must be acts or conduct on the part of the party to be estopped which amount to a representation or concealment of material facts made either with knowledge or culpable negligence; (2) he must intend that his conduct shall be acted upon or must so act as to cause the other party reasonably to believe it was so intended; (3) the other party must be ignorant of the true situation; and (4) he must rely upon that conduct to his prejudice or injury.

(18 Cal.Jur.2d, Estoppel, § 5, p. 406.) Section 1962, subdivision 3, of the Code of Civil Procedure provides: 'Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot in any litigation arising out of such declaration, act, or omission be permitted to falsi*ty* it.' The court adopted no finding in regard to estoppel, nor is there any basis for implying such a finding since it is obvious that the court did not attempt to decide the question. Without attempting to single out specific items of evidence, since we do not intend to make a finding on this question of fact nor influence the proceedings below upon a retrial, it is enough to state that our examination of the record discloses that a finding against estoppel would have been fully supported by the evidence. In *A. Farnell Blair Co.* v. *Hollywood State Bank*, 102 Cal.App.2d 418, 434 [227 P.2d 529] . . ., where the reviewing court declined to make a finding on estoppel, the court stated: 'An estoppel necessarily results when .... [the] factual basis has been established. Unless the several elements of estoppel are established by unconflicting evidence or by findings of a trial court the rule cannot be applied on appeal. Defendant's contention that we should hold as a matter of law that plaintiff is estopped is just as untenable as plaintiff's contention that we should hold to the contrary. *The issue must be retried.* The failure of the court to make findings upon this affirmative defense would, in itself, require a reversal of the judgment.' This states the rule applicable to the instant case in the state of the record before us.

"The judgment is reversed." (Emphasis added.)

After the remittitur was filed the action was set for pretrial hearing. The judge who conducted that phase of the case apparently determined that the law of the case doctrine applied as to all of the issues involved except the issues of estoppel. The pretrial order made on May 13, 1957, and filed May 23, 1957, set forth, among other things, the following:

"This is an action for declaratory relief and foreclosure of a second deed of trust. This case is on retrial after reversal of a judgment ordering foreclosure of the second deed of trust and after a finding by the trial court that there was no defense of failure of consideration.

"The factual and legal contentions of the parties are set forth in the opinion of the District Court of Appeal in the file, from which it appears that the defense of failure of con-

sideration is found to exist, provided the defendants are not estopped to assert it. The issue on retrial will be as to whether or not such estoppel exists. No finding thereon having been made by the trial court at the first trial.

. . . . . . . . . . . . . . .

"It is stipulated that an amendment to the amended complaint may be filed containing further allegations in regard to the plea of estoppal, same to be served and filed within 30 days. It is further stipulated that said allegations are deemed denied and subject to any applicable affirmative defenses."

On June 21, 1957, the plaintiff filed a second amended complaint and the case went to trial on October 15, 1957. After a lengthy discussion as to the meaning and interpretation to be placed upon the appellate court's opinion, the trial court held, upon the principle of the law of the case, that the only issue for retrial was the question of estoppel.

Counsel for the Henrys then made a "motion to exclude evidence upon the ground that the second amended complaint alleged no facts upon which an estoppel to assert the invalidity of the note and trust deed could be based." The judge indicated, without making a ruling, that he was inclined to the belief that the motion of the Henrys was well taken. Counsel for the plaintiff then argued that if there was any fault or shortcoming in the pleadings, the defendants should have demurred, and that the plaintiff might then have had an opportunity to file another amended pleading. The request was then made: ". . . If the court feels these do not state sufficient facts to constitute a cause of action . . . then we would respectfully ask the court for time to amend the pleadings to state additional facts." The court pointed out that the motion to exclude evidence, under the circumstances, was always proper and could be raised at any time. It must be remembered that all of this took place after the pretrial conference and order in which it was stipulated that an amended complaint could be filed, and plaintiff had so filed his amended complaint.

The matter was then continued to 2 o'clock p.m., at which time the plaintiff sought to file a sketchily-drawn, handwritten instrument, with many scratch-outs and abbreviations, titled "Amendment to Second Amended Complaint." The court stated that during the noon recess he had gone over the matter and he pointed out the errors in plaintiff's contentions, and then said:

"Assuming all things alleged in the Second Amended Com-

plaint relative to estoppel are true, there is not and could not be an estoppel. It is therefore the ruling of the court that the motion to exclude evidence is granted.

"Judgment for defendant and against plaintiff. The defendant to recover costs. Counsel for defendant will prepare judgment.

"I have gone over hastily the proposed amendment. The motion to amend is denied."

Thereafter, counsel for the plaintiff made offers of certain proofs, and the proposed amendment to the amended complaint was handed to the clerk.

Appellant now contends that:

(1) The court erred in limiting the scope of the retrial to the single issue of estoppel. Benson asserts that he is not foreclosed from claiming as a holder in due course.

(2) The court erred in excluding all evidence and in rejecting the plaintiff's offers of proof and in not permitting the amendment to the second amended complaint.

(3) The court erred in adjudicating the invalidity of the note and deed of trust without hearing any evidence.

It is clear from a reading of the prior opinion of the appellate court and the transcript of the proceedings of the first trial that the issues in the first trial were: (1) whether the plaintiff was an assignee of the note and trust deed, or whether he was a holder in due course; (2) whether the defense of failure of consideration (a defense available to the Henrys only if the plaintiff was an assignee) was established; (3) whether the Henrys were estopped to assert against Benson the defense of failure of consideration.

The appellate court settled and disposed of the first two matters in its opinion. ■ Witkin in California Procedure, volume III, at page 2419, said: "The doctrine of 'law of the case' deals with the effect of the *first appellate decision* on the subsequent *retrial or appeal*: The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case."

In *Estate of Baird*, 193 Cal. 225 [223 P. 974], it is said (at page 234):

". . . It is sufficiently obvious as scarcely to require a statement of the proposition upon this appeal that the decision of this court upon the second appeal established as

the law of the case that all the evidence adduced at the previous trial was insufficient as a matter of law to establish a legal adoption of the child. . . .'' (See also *Davis* v. *Edmunds,* 218 Cal. 355, 358 [23 P.2d 289]; *Herbert* v. *Cassinelli,* 73 Cal.App.2d 277 [166 P.2d 377]; *Steelduct Co.* v. *Henger-Seltzer Co.,* 26 Cal.2d 634, 642 [160 P.2d 804].)

Furthermore, the facts of this case would seem to indicate that as a matter of law plaintiff was an assignee. He pleaded, in the original complaint and in the first amended complaint, that he took the note and deed of trust by assignment from Andrews for partial security. (See *Cassetta* v. *Baima,* 106 Cal.App. 196 [288 P. 830]; Civ. Code, § 3111; 8 Cal.Jur.2d, 382, 383; *Lewis* v. *Booth,* 3 Cal.2d 345 [44 P.2d 560].)

The note also provided on its face that the monthly payments thereon were to commence November 1, 1950. The assignment was executed and placed in escrow on January 17, 1951, but not released until July 19, 1951. Benson and his agent knew at all times that no payments were ever made upon the note. It would appear, therefore, that the note was overdue when it was delivered. (See Civ. Code, § 3133; *Hall* v. *E. W. Wells & Son,* 24 Cal.App. 238 [141 P. 53]; *Bliss* v. *California Coop. Producers,* 30 Cal.2d 240 [181 P.2d 369, 170 A.L.R. 1009].) It is also true that Benson knew of an infirmity in the note.

█ The amendment made to the complaint at the conclusion of the first trial simply pleaded that the Henrys were ''estopped from asserting the invalidity of the note and trust deed,'' and set forth no facts whatsoever; consequently no real issue was raised by such amendment. (See *State Credit Corp.* v. *Ranger,* 101 Cal.App. 310 [281 P. 663]; *Fleishbein* v. *Western Auto S. Agency,* 19 Cal.App.2d 424 [65 P.2d 928]; Witkin, California Procedure, vol. II, p. 1547.)

In the plaintiff's second amended complaint he set forth certain matters which, in the opinion of the trial court, and of this court, were insufficient as a matter of law to create an estoppel against the Henrys.

█ As pointed out in respondents' brief: ''An estoppel requires affirmative conduct, with knowledge on the part of the party estopped, which misleads another. (18 Cal.Jur.2d 406-409.) The knowledge must be actual and not merely imputed or presumptive. (*Primm* v. *Joyce* (1948), 87 Cal.App. 2d 288 [196 P.2d 829].) █ It is also true that the party asserting the estoppel must be ignorant of all facts. (*San*

*Diego* v. *Cuyamaca Water Co.* (1930), 209 Cal. 105 [287 P. 475].)

"It is not denied that when Mrs. Henry *first* learned of the assignment to Benson in July, 1951, she acted diligently. She immediately advised Benson and his lawyer that the note and trust deed were worthless. The transcript of the testimony at the first trial conclusively establishes this fact.

"The fact that the plaintiff lost his right to foreclose the Kale property by judgment is of his own making. We have mentioned that the plaintiff brought his action against the Henrys and, in the alternative, against the Kales to foreclose a mechanic's lien upon the Kale property. This was possible because the plaintiff had refiled, within the time allowed by law, a mechanic's lien upon the Kale property. As the court after the first trial granted judgment against the Henrys, it necessarily followed that Benson did not recover against the Kales. The Henrys elected to appeal from the entire judgment in order to preserve all rights until the judgment was either affirmed or reversed. But Benson for some reason did not appeal against the Kales. The Henrys' appeal from the judgment, insofar as it affected the judgment in favor of Kales, was dismissed on June 14, 1955. This was no fault of the Henrys as they opposed the dismissal. But the Henrys cannot be held responsible for a misfortune of Benson's own making."

Benson did not allege that the Henrys made any representation to him as to the validity of the note. (See *Hironymous* v. *Hiatt*, 52 Cal.App. 727, 736 [199 P. 850]; *Arp* v. *Blake*, 63 Cal.App. 362, 368 [218 P. 773].)

The amendment filed at the conclusion of the second trial is likewise devoid of facts upon which an estoppel could be based in this particular instance.

The respondents also point out that the note and deed of trust could not be enforced in any event in this case, for the reason that Andrews' contractor's license was revoked prior to the completion of the building for misconduct on the Henrys' job. The licensing laws (Bus. & Prof. Code, § 7031) require that a contractor be licensed during the period the "compensation is earned." The note was compensation for the construction of an apartment house, and Andrews was not licensed during the time the note was to be earned by him, as his contractor's license was revoked for misconduct on the very job in question, he, Andrews, having abandoned

the work and forced the Henrys to complete the apartment house on their own at a cost far in excess of the original contract price.

The defense of illegality is available because at the pretrial conference it was stipulated that the allegations of the second amended complaint "are deemed denied and subject to any applicable affirmative defenses." █ Furthermore, compliance with the contractor's licensing laws is a matter that must be pleaded and proved by the party seeking compensation. No such allegation nor offer of proof was made by the plaintiff. (See *Grant* v. *Weatherhold*, 123 Cal. App.2d 34 [266 P.2d 185] ; *Norwood* v. *Judd*, 93 Cal.App.2d 276 [209 P.2d 24] ; *Loving & Evans* v. *Blick*, 33 Cal.2d 603 [204 P.2d 23] ; *Franklin* v. *Nat C. Goldstone Agency*, 33 Cal. 2d 628 [204 P.2d 37].)

We are of the opinion that the trial court was correct under the pleadings and the law of the case in declaring that the note and deed of trust are not enforceable.

Judgment affirmed.

White, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 4, 1959.